NORFOLK & ATLANTIC TERMINAL CO. v. ROTOLO.

(Circuit Court of Appeals, Fourth Circuit. April 9, 1912.)

No. 1,086.

1. CARRIERS (§ 345*)—INJURIES TO PASSENGERS—EVIDENCE—ADMISSIBILITY.

Where, in an action for injuries to a street car passenger struck by a car while attempting to board another car, the evidence was conflicting on the issue as to whether the latter car stopped at the time and place where the passenger attempted to board it, evidence of the custom of the street railroad company to stop cars at such place to permit passengers to alight from or board cars was relevant to sustain the passenger's contention, though standing alone, it did not prove that the car stopped at the time of the injury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1400; Dec. Dig. § 345.*]

2. CARRIERS (§ 340*)—INJURIES TO PASSENGERS—CONTRIBUTORY NEGLIGENCE—LAST CLEAR CHANCE.

Where a street car passenger negligently placed himself in peril by going on the steps of a car while in motion, and when the gate was closed, it devolved on the street car company under the doctrine of last clear chance, if his dangerous situation was seen, or could by the exercise of reasonable care have been seen, to avoid any injury to him by the use of reasonable care.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1354; Dec. Dig. § 340.*]

3. CARRIERS (§ 287*)—INJURIES TO PASSENGERS—NEGLIGENCE.

Where a person went to the place where street cars were accustomed to stop to take on and discharge passengers, and he undertook to board a car that stopped while passengers were admitted from both sides, and he was injured by the negligently running of another car on him while on the lower step, the company was negligent.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1154–1166; Dec. Dig. § 287.*]

4. TRIAL (§ 143*)—ISSUES—WEIGHT OF EVIDENCE.

Where the testimony is peculiarly contradictory, the jury must determine the facts.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343; Dec. Dig. § 143.*]

In Error to the Circuit Court of the United States for the Eastern District of Virginia, at Norfolk.

Action by Frank Rotolo against the Norfolk & Atlantic Terminal Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

This is the third time this case has been before the court here. The first time several points arising upon the pleadings, and in the trial of the cause, were passed upon by this court. See Norfolk & Atlantic Terminal Company, Plaintiff in Error, v. Rotolo, Defendant in Error, 179 Fed. 639, 103 C. C. A. 197. Then came the case of Norfolk & Atlantic Terminal Company, Plaintiff in Error, v. Rotolo, Defendant in Error, and the decision of the court in that instance is reported in 191 Fed. 4. The following is a succinct statement of the facts:

The plaintiff in error, defendant below, hereinafter called the defendant, is a Virginia corporation, and operates a line of electric street railway in the city of Norfolk, Va., and had a portion of its tracks laid in City Hall avenue and Monticello avenue in said city. Frank Rotolo, the defendant in error, who was the plaintiff below, hereinafter called the plaintiff, is a subject of the king of Italy, and was temporarily residing in Norfolk at the time of the injury, which was the cause of this action. The tracks of the defendant's railway run parallel along Monticello avenue in the city of Norfolk north and south, and at a point about opposite the Monticello Hotel corner, where City Hall avenue intersects with Monticello avenue, and about midway between that corner on the west, and market corner on the east the tracks diverge, the one curving sharply to the right, or southwest, and the other curving sharply to the left, or southeast. The plaintiff, as before stated, was temporarily residing in Norfolk, and was employed as a workman at the Jamestown Exposition. On the 1st day of April, 1907, between 6 and 7 o'clock in the morning, the plaintiff, intending to go to the Exposition grounds, attempted to board one of defendant's cars which had come in from Pine Beach, and was bound south, and was due to turn the curve in the railway, above described, to the southwest, and whilst attempting to board the said car, and when on the steps of the rear platform on the side next to the other track, he was struck by another car either standing on the curve which turned to the southeast, or moving along around said curve toward the north, and so injured that his left leg had to be amputated. Plaintiff brought this action against defendant in the Circuit Court of the United States for the Eastern District of Virginia, at Norfolk, to recover damages for the injury on the ground that it was the result of defendant's negligence, and in the last trial was awarded $4,000 with interest from November 22, 1911, for which amount judgment was rendered in his favor against defendant. The case is here by writ of error sued out by the defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

W. H. Venable and Eppa Hunton, Jr. (Henry W. Anderson, on the brief), for plaintiff in error.

J. L. Jeffries (Jeffries, Wolcott, Wolcott & Lankford, on the brief), for defendant in error.

Before GOFF and PRITCHARD, Circuit Judges, and BOYD, District Judge.

BOYD, District Judge (after stating the facts as above).  The assignments of error relied on by the plaintiff in error, who will hereafter for convenience be called the defendant, in the case before us now are two in number.  The one is based on exception to the admission of testimony, the other on exception to the action of the trial court in submitting to the jury upon all of the testimony the question of the last clear chance.

[1] As to the first proposition, the defendant in error here, who will be referred to as the plaintiff, in the course of the trial, over the objection of the defendant, was permitted by the court to testify that the defendant's cars coming south from Pine Beach were in the habit of stopping at the point where he (the plaintiff) attempted to go aboard at the time of the injury, and that the gates on both sides of the cars when stopped at this point were opened and passengers were permitted to dismount from the cars, and also to go aboard on both sides.  Other witnesses for the plaintiff, over the objection of the defendant, made substantially the same statement.  The ground of the objection to this testimony, as stated in the bill of exceptions, is as follows:

" * * * For the reason that the testimony was irrelevant and immaterial to the issue in this case, and for the reason that it was improper to prove any custom as evidence that the defendant stopped its car at the point claimed in the declaration, and that the gates on both sides of cars were customarily opened by the defendant, and for the reason that the evidence was not limited to a car coming from the car barn without passengers to discharge, but only to receive passengers for the Exposition."

In the argument the counsel insists that this testimony was inadmissible to prove the fact that the car, on the step of which the plaintiff was standing when he was injured, stopped at the point referred to at the particular time in question.  We readily concede that standing alone testimony that it was the custom or habit of defendant to stop its cars and discharge and take on passengers at the point where plaintiff attempted to go aboard was insufficient to prove the fact that the car stopped on the occasion of the injury, but plaintiff testified that the car did stop at the point and at the time in question, and that the gates were opened and passengers dismounted and others went aboard.  Other witnesses for the plaintiff testified to the same effect.  On the other hand, a number of witnesses for the defendant testified that the car did not stop, and thus there was a direct irreconcilable conflict of testimony as to the fact.  Under these circumstances, in our opinion, testimony that it was the custom of defendant to stop its cars at this point was not only relevant, but it tended to throw light upon the controverted fact and to sustain plaintiff's contention.

The text-writers and the courts have provided us with much learn-

ing and numerous decisions relative to the admissibility, the relevancy and probative value of testimony in regard to habit or custom· as showing the doing, or not doing, of a particular thing on a specific occasion. Wigmore, in his treatise on Evidence (vol. 1, § 92), cites the case of Walker v. Barron, 6 Minn. 508–512 (Gil. 353), in which it is said:

"Customs may, like other facts or circumstances, be shown when their existence will increase or diminish the probabilities of an act having been done, or not done, which act is the subject of contest."

And, also in the case of State v. Railroad, 52 N. H. 528, in which it is held:

"It would seem to be axiomatic that a man is likely to do, or not to do, a thing, or do it or not do it in a particular way (according) as he is in the habit of doing it, or not doing it."

The same doctrine is laid down in the case of Parrott v. Railroad, 140 N. C. 546, 53 S. E. 432.

In Interstate Commerce Commission v. Baird, 194 U. S. 25, 24 Sup. Ct. 563, 48 L. Ed. 860, Mr. Justice Day, in delivering the opinion of the court, used this language:

" * * * As we have said, the question concerns the relevancy of proof, and not whether it finally establishes the issue made, one way or the other. Relevancy does not depend upon the conclusiveness of the testimony offered, but upon its legitimate tendency to establish a controverted fact. Relevancy is that 'quality of evidence which renders it properly applicable in determining the truth or falsity of the matter in issue between the parties to a suit.' 1 Bouvier, Law Dic. Rawle's Revision, 866."

In Holmes v. Goldsmith, 147 U. S. 150, on page 164, 13 Sup. Ct. 288, on page 292 (37 L. Ed. 118), Mr. Justice Shiras, in delivering the opinion of the court, adopts the following from the case of Stevenson v. Stewart, 11 Pa. 307:

"The competency of a collateral fact to be used as the basis of legitimate argument is not to be determined by the conclusiveness of the inferences it may afford in reference to the litigated fact. It is enough if these may tend, even in a slight degree, to elucidate the inquiry, or to assist, though remotely, to a determination probably founded in truth."

Our views, as will be seen, are in harmony with the principles annunciated in these cases. But, aside from this, if the testimony objected to was relevant to any material issue in the case, it was not error to admit it. Defendant insisted that the injury was the result of plaintiff's negligence, and one of the negligent acts charged to him was that he had crossed the parallel track and had attempted to board the car whilst it was in motion at a place where there was no stop. We think, under the circumstances, that it was plaintiff's right to introduce testimony to prove that it was the custom or habit of defendant's cars to stop at that point, to open gates to the cars, and there receive and discharge passengers; not that this testimony alone, as before stated, was sufficient to prove the fact that the car stopped on the occasion when plaintiff was injured, but it was relevant, in our opinion, as bearing upon plaintiff's conduct at the time, and in explanation of his presence at the place where he undertook to go aboard. The custom or habit of railway trains or cars to stop at

a particular place to receive and discharge passengers is notice to the public to go to that place for the purpose of taking passage on such trains or cars. Our conclusion, therefore, is that there was no error in the admission of the testimony embraced within this exception.

On the remaining question presented for our consideration the counsel for the defendant takes the position that (we quote from the brief):

"The doctrine of the last clear chance has no application in this case, but that it is in the view most favorable to the plaintiff a case of concurrent negligence in which there can be no recovery."

There is nothing in the record to advise us that the jury based the verdict in this case upon the doctrine of the last clear chance, although we think that upon the evidence for the plaintiff, and that of the defendant, this principle might properly have been invoked.

[2] If the jury found that the plaintiff negligently put himself in peril by going upon the steps of the car whilst it was moving, and when the gate was closed, yet the duty devolved upon the defendant if the plaintiff's situation of peril was seen, or could, by the exercise of reasonable care, have been seen, and the injury could have been avoided by the use of such care on the part of the defendant, then the last clear chance proposition could be applied.

[3] On the other hand, if plaintiff's version was accepted by the jury, and there was testimony to support it, that plaintiff went to the place where the cars of defendant were accustomed to stop and take on and discharge passengers, that the car plaintiff undertook to board did stop, that passengers were admitted from both sides, that plaintiff was on the lower step following others into the car, and in this position the defendant injured him by negligently running another car upon him, as we say, if the jury found from the evidence that such were the facts, then the doctrine of the last clear chance was not involved, but the injury would be accredited directly to the negligence of the defendant when the plaintiff was not in the wrong.

[4] However, as we have stated, the testimony in this case was peculiarly contradictory, and it was the province of the jury to determine what the truth of the transaction was. The counsel voluntarily abandoned an exception which had been taken to the refusal of the court to direct a verdict for the defendant upon all the testimony. This seems to us an admission that there was sufficient evidence to go to the jury to authorize a recovery in favor of the plaintiff in some view of the case.

We think the judgment of the Circuit Court should be affirmed. Affirmed.