THOMAS W. DAVIS *vs.* LAURE B. LUSSIER, *Registrar of Motor Vehicles.*

AUGUST 8, 1957.

ROBERTS, J. This bill in equity was brought by a citizen of this state who was the holder of a certificate of registration of a motor vehicle and of a license to operate motor vehicles issued to him by the registry of motor vehicles wherein he seeks to enjoin the registrar from suspending his certificate of registration and operator's license because of the failure on the part of the complainant to comply

with certain provisions of the motor vehicle safety responsibility act, so called, public laws 1952, chapter 3002. The cause was heard by a justice of the superior court, and a decree was entered denying and dismissing the bill of complaint. The cause is before this court on the complainant's appeal from that decree.

The material facts are not substantially disputed. It appears that on August 30, 1956 complainant, while operating his motor vehicle in a private parking lot in the city of Providence, no part of which was a public highway, came into collision with another motor vehicle therein. Thereafter, and as a result of this accident, complainant was notified by the registrar of motor vehicles that the provisions of the motor vehicle safety responsibility act, hereinafter called the act, were applicable and that unless he either deposited security in the amount of $380 to satisfy any judgment rendered against him by reason of the accident or secured a release from liability arising out of the accident, his operator's license and his certificate of registration would be suspended as provided for in that act.

The only question raised by complainant is whether those provisions of the act which direct the registrar to suspend the certificate of registration and the operator's license of persons who fail either to deposit security or to obtain a release from liability as contemplated by the act are applicable in the case of accidents which occur on private property. During oral argument before this court complainant expressly stated that he did not challenge the power of the legislature to confer authority upon the registrar to suspend or revoke where the accident occurred on private property, but only that in the act under consideration it did not intend to confer such authority upon the registrar. We conclude therefore that such portions of complainant's brief as discuss constitutional questions are waived, at least to the extent above noted.

The provisions of the act which complainant claims do

not apply in the case of an accident occurring on private property are contained in article III, secs. 4 and 5 thereof. Section 4 requires that notice of motor vehicle accidents be given to the registry and, in part, reads as follows: "The operator of every motor vehicle *which is in any manner involved in an accident within this state* * * * shall within 10 days after such accident report the matter in writing to the registry. Such report * * * *shall contain information to enable the registry* to determine whether the requirements for the deposit of security under section 5 are inapplicable by reason of the existence of insurance or other exceptions specified in this act * * *. If such operator be physically incapable of making such report, the owner of the motor vehicle involved in such accident shall * * * make such report." (italics ours)

Section 5 then provides that if within twenty days after receipt of the report required by sec. 4 the registry has not been supplied with satisfactory evidence that the owner, operator, or both, have been released from liability for damages flowing from the accident or have agreed to make payment therefor, "the registry shall determine the amount of security which shall be sufficient * * * to satisfy any judgment * * *" and "The registry shall, within 60 days after the receipt of such report of a motor vehicle accident, suspend the license of each operator and all registrations of each owner of a motor vehicle in any manner involved in such accident * * * unless such operator or owner or both shall deposit security in the sum so determined by the registry * * *."

It is significant that the legislature then proceeded to set out in specific terms exceptions under which the security and suspension provisions of sec. 5 would not be applicable. In sec. 5 it provided that such provisions would not apply in cases where there was in effect at the time of the accident liability insurance covering the vehicle, the owner, the operator, or both of them. In sec. 6 it provided spe-

cifically that those provisions would not apply in cases where, as a result of the accident, no injury or damage accrued to the person or property of anyone other than the owner or operator, where the vehicle was legally parked at the time of the accident, or where at the time of the accident the vehicle was being operated without the consent of the owner, express or implied.

The complainant contends that the act is ambiguous because it does not state in "unequivocal" terms either that its operative effect extends only to accidents occurring upon the highways or that it does not extend to accidents occurring on private property. We do not agree that there is ambiguity in these provisions of the act. We do not perceive that the language employed in the challenged provisions of the act makes obscure the legislative intention that it was to apply to all motor vehicle accidents without regard to whether they occurred on public ways or private property.

Every statute is to be construed with reference to its intended scope and the purpose of the legislature in enacting it. If the language employed therein is free from ambiguity and expresses a definite and sensible meaning, that meaning is conclusively presumed to be the one which the legislature intended to convey. *Weimar* v. *Newman,* 78 R. I. 221, 226; *Blais* v. *Franklin,* 31 R. I. 95. The language employed in the instant act indicates clearly that the legislature intended that it should apply to all accidents involving motor vehicles without regard to where such accidents occurred.

The legislature, in enacting this act, was dealing with the problem of the use of the highways of this state by the operators or owners of motor vehicles who, in the event of an accident, were unable or unwilling to respond financially to claims for damages arising therefrom. It proposed that those who having been involved in an accident would not or could not establish financial ability to respond in dam-

ages be deprived of their right to operate a motor vehicle upon the public highways.

To accomplish this, the legislature deemed it expedient to require that a report be made and that the security and suspension provisions be applied by the registry whenever a motor vehicle "is in any manner involved in an accident within this state * * *." The language employed is broad and comprehensive and taken in its natural sense means that an obligation to establish financial responsibility arises upon the occurrence of *any* accident involving motor vehicles. There is no room for a contrary construction and there is no warrant for our presuming that the legislature intended to except therefrom cases involving accidents that occurred on private property.

We have already noted as significant the fact that the legislature did provide for exceptions to the application of the security and suspension provisions of the act in specified cases. What is equally significant is that in so doing the legislature did not make any exception to the application of these provisions because of the place where the accident occurred. This is a situation where the legislature clearly could have made such an exception had it so intended.

It is our opinion that there is no ambiguity in the portions of the act which we are here considering and that the language employed is susceptible of but one sensible meaning. In such circumstances we are without warrant to reach another meaning by resorting to the canons of statutory construction. It is our duty to hold that the legislature meant what it said and that the obligation of establishing financial responsibility accrues upon the occurrence of *any* motor vehicle accident, including those occurring on private property, and that the security and suspension provisions apply unless the case falls within the scope of one of the exceptions thereto set out in the act.

We have considered the contention of complainant that

to hold that the act requires an application of the security and suspension provisions thereof to cases involving accidents occurring on private property is to do violence to the canon of statutory construction which requires a court to presume that a legislature in enacting a statute did not intend to reach an absurd or ineffective result. The short answer to that argument is that there is no warrant for our invoking the canons of statutory construction in this case. We would, however, direct complainant's attention to the provisions of art. III, sec. 8 (a), of the act which provide that when the operator involved is unlicensed, the registrar is required to withhold the issuance of any license until such operator complies with the provisions of the act.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

CONDON, J., dissenting. If public laws 1952, chapter 3002, is to be given the broad scope approved by the majority, the legislature has enacted a law that goes far beyond regulating the operation of motor vehicles on the highways. I am of the opinion that the legislature did not intend to go that far. The language in article III, sec. 4, of the chapter which is mainly relied upon by the majority, namely, "The operator of every motor vehicle which is in any manner involved in an accident within this state," does not, in my opinion, necessarily include accidents on private property as well as on the highways, merely because of the words "within this state." I think those words are intended simply to exclude any implication that the statute was to apply to operators who became involved in accidents outside the state. As the majority well say in their opinion: "The legislature, in enacting this act, was dealing with the problem of the use of *the highways of this state* by the operators or owners of motor vehicles who, in the event of an accident, were unable or unwilling to respond financially to claims for damages arising therefrom." (italics mine)

Because I cannot agree that the legislature intended to go any further, I am constrained to dissent.

*Aram K. Berberian,* for complainant.

*William E. Powers,* Atty. Gen., *Archie Smith,* Ass't Atty. Gen., for respondent.