EDWARD O. KNUTH *et al. vs.* BOARD OF SEWER COMMISSIONERS *et al.*
EARLE AFTON ARCHER *et al. vs.* BOARD OF SEWER COMMISSIONERS *et al.*
MABEL COMAN *et al. vs.* BOARD OF SEWER COMMISSIONERS *et al.*
EDWARD BROMAGE, JR. *et ux. vs.* BOARD OF SEWER COMMISSIONERS *et al.*

JUNE 21, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

166

Roberts, J. These four petitions were brought pursuant to the provisions of general laws 1956, §44-5-26 et seq., for relief from a sewer assessment alleged to have been illegally made against certain real estate of the petitioners located in the city, formerly the town, of East Providence. Following a hearing before a justice of the superior court sitting without a jury, he filed rescripts denying and dismissing the petitions. The cases are here on the exceptions of the petitioners to such decisions.

The parties have agreed in this court, as they did in the superior court, that the same issues are present in all four petitions and that a decision in one case will be determinative of the rights of all the petitioners to obtain the relief prayed for. For that reason in this opinion we will deal with the matter as if but one petition, that of Edward Bromage, Jr. and his wife, were before us. Further, we will disregard as surplusage such prayers in the petitions as seek equitable relief, it being clear from an examination of the record that it was the intention of petitioners to seek the relief provided in §44-5-26 et seq.

The facts material to the issue raised are not in dispute. The petitioners are the owners of lots numbered 118, 164, and 165 on assessor's plat No. 46 of the city of East Providence. These lots are contiguous and, taken together, form a rectangular parcel of land 200 feet in depth and 80 feet in width which is bounded at the north by Aberdeen Road and on the south by Boyden Boulevard. Lot 118 comprises the northerly half of the parcel and abuts on Aberdeen Road for a distance of 80 feet. Lots 164 and 165 comprise the southerly half of the parcel, and each lot abuts a distance of 40 feet on Boyden Boulevard. The dwelling of petitioners is located entirely upon lot 118, while lots 164 and 165 are used by them for garden purposes.

At a time in the past, not specified in the record, the East Providence board of sewer commissioners, which board it is conceded was lawfully constituted, caused sewer mains to be installed in those portions of Aberdeen Road and Boyden Boulevard upon which the lots of petitioners abut. The residence of petitioners located on lot 118 was connected with the sewer main in Aberdeen Road by a "lateral," so called. The main in Boyden Boulevard was not connected with either lot 164 or 165 but the "lateral" did extend from that main to the property line of each of said lots. Thereafter, on February 7, 1956, the said board made an assessment against the property of petitioners for the improvement, purporting to act pursuant to the pertinent provisions of chapter 233 of the town ordinances. The assessment thus made was confirmed by the town council and certified to the tax assessor by the town clerk.

The provisions of the ordinance which related to the assessment of charges for the improvement are contained in section 6 thereof, which reads as follows: "Whenever any such sewer main shall be constructed an assessment shall be made upon all estates abutting upon that portion of the street in which such sewer main shall be located at a rate of Five and 75/100 ($5.75) Dollars for each front foot of such estates upon such streets; provided however, that where any estate is situated at the intersection of two streets or between two streets wherein such sewer mains are constructed then eighty (80) per cent of the footage on that one of which said streets has the greater footage, shall be exempt from such assessment and in the event said footage is equal on both said streets, then eighty (80) per cent of the footage of either of said streets shall be exempt, except that in no case shall an exemption of more than eighty (80) feet be allowed."

In levying for the cost of the sewer construction here involved, the board of sewer commissioners made a separate assessment against each of the three lots owned by peti-

tioners. The petitioners, arguing that the board had misconceived the intent of the legislature, contend that the ordinance requires that the assessment be made against "estates" abutting on the streets in which the installation has been made and that an "estate" as contemplated by the statute may comprise more than one parcel or lot. They contend that their lots, being contiguous, constitute an estate within the meaning of that term as it is used in the ordinance and that, when assessed as such, they are entitled to the exemption set out in the proviso of the ordinance, because their estate abuts on two streets in which the sewer installations have been made.

The trial justice did not agree with this contention. He found the assessment to be valid for two reasons, first, that such assessment by separate parcels is required by the provisions of G. L. 1956, §44-4-4; and second, that the town council, in enacting sec. 6 of the pertinent ordinance, intended that the cost of the installation of the sewer mains should be apportioned against abutting properties on the basis of a present or potential future demand for the use thereof and that each platted lot constituted a building site.

Inherent in the first reason for his decision as stated by the trial justice is the question whether §44-4-4 was intended to apply to all species of imposts laid under the taxing power. The statute, in pertinent part, reads: "Taxes on real estate shall be assessed to the owners, and separate tracts or parcels shall be separately described and valued so far as practicable * * *." We are not called upon to decide whether the word "Taxes" as used therein was intended to include only imposts levied against real estate for the purpose of raising general revenues for the support of the government or was also intended to include levies made in apportioning the costs of the installation of improvements among the properties benefited thereby. This is so because, assuming without deciding that §44-4-4 is to

170

be construed as inclusive of all species of taxation, in our opinion it would not in the instant case require that the assessment be made on the basis of platted lots, thereby rendering immaterial an intention on the part of the town council to provide for a more liberal method of such apportionment when it enacted sec. 6 of the ordinance.

It is well settled that the requirement of §44-4-4, that real estate be assessed by separate tract or parcel, is designed to benefit the taxpayer and for that reason has been held to be mandatory in the absence of circumstances that excuse nonperformance thereunder or render performance thereof impractical. *Young* v. *Joslin*, 13 R. I. 675; *Clark* v. *Greene*, 23 R. I. 118; *Acme Corp.* v. *Mowry*, 59 R. I. 163. In other words, while the statute is mandatory in character, strict compliance therewith is not required in every instance. In *Acme Corp.* v. *Mowry, supra*, this court construed the requirement of the provision that "separate tracts or parcels shall be separately described and valued so far as practicable," and at page 168 stated that such provision did not "require the platting of assessable land of the town into lots numbered to each owner, nor does it require meticulous description by metes and bounds. A general description which serves to identify the tract and distinguish it in such a manner as to inform the owner with certainty of the assessment and of the property upon which the tax is levied is sufficient."

Clearly when §44-4-4 is so construed, its mandate may be satisfied by assessment by tract or parcel other than platted lots when the description of such parcels is sufficient to identify the property taxed. It is equally clear that a local legislature may, without violating that mandate, provide that the cost of an improvement be assessed against property units sufficiently described, other than platted lots, and that in the instant case, in enacting sec. 6 of the ordinance, the town council had authority to require that the cost of the installation of the improvement be assessed against par-

cels comprising more than one platted lot. The question is: Did the town council so intend? The trial justice found that the legislative intent was otherwise.

When a court is called upon to ascertain the meaning of a legislative enactment, it will in the first instance attempt to do so by reading the enactment as a whole with reference to the purpose for which it was enacted and in the light of the intended scope of its operation. Where, upon being so read, legislation is found to be free from ambiguity and to express a definite and sensible meaning, it will be conclusively presumed that the legislature intended the meaning so expressed. *Davis* v. *Lussier,* 86 R. I. 304, 134 A.2d 124.

Conceding that, as used generally, the word "estates" is susceptible of several meanings, we do not perceive that its use in the context in which it appears in the instant ordinance creates an ambiguity that obscures the intent with which the town council enacted it. Rather, when this ordinance is read as a whole with the word "estates" being taken in context, it clearly appears to express a definite and sensible meaning. In such circumstances this court will not depart from its policy of interpreting such legislation literally, thus avoiding the importation of ambiguity into an otherwise lucid ordinance by an unnecessary resort to the canons of statutory construction. *Weimar* v. *Newman,* 78 R. I. 221, 226.

Chapter 233 of the town ordinances was enacted obviously for the purpose of equitably apportioning the costs of the improvement among the properties that benefited from the installation thereof. It was clearly in furtherance of that objective that the town council provided for an exemption where, by reason of a property abutting on two improved streets, the charges assessed would be disproportionate to the benefit conferred. Likewise in order to provide against the grant of excessive exemptions in cases of extensive properties, the town council wrote into the ordi-

nance a safeguard in the form of a maximum limitation on the exemption.

It is abundantly clear that the town council, in directing the assessment to be made against abutting "estates," used the word "estates" in its comprehensive sense. This being so, the word should be given the meaning that is reasonably consistent with the context in which it was used. Therefore, the word "estates" as used in the ordinance refers to a tract or parcel of land which serves a single integrated use, whether it consists of one platted lot or a consolidation of several such lots. In other words, the town council intended that the assessment contemplated in this ordinance be applied to abutting properties in the aggregate where in the existing circumstances such application is warranted. See *Vaughn* v. *City of Williamsburg*, 245 Ky. 339; 14 McQuillin, Municipal Corporations (3d ed.), §38.116.

We are further persuaded that we thus reach a correct conclusion when we examine the history of the legislative provisions concerning the assessing of the costs of these improvements. For over half a century the method by which the cost of the installation of sewers in East Providence was assessed was prescribed by statute. Public laws 1886, chap. 593, as amended. Under P. L. 1950, chap. 2501, the most recent amendment to the pertinent statute, the town was required to assess the "estates" abutting upon the improved portion of any street "at a rate not exceeding seventy-five cents for each front foot of such estates upon such streets and not exceeding three cents for each square foot of such estates between such street and a line not exceeding one hundred and fifty feet distant from and parallel with the line of such street * * *." In other words, the assessment was made on a dual basis, one rate applying to the front footage and one rate applying to the square footage of the estate within a prescribed area.

This court considered a statute of similar import in *Bishop* v. *Tripp*, 15 R. I. 466. In that instance the statute

provided for the assessment of sewer costs both on a front footage basis and a square footage basis for such portion of the "estate" as lay within 150 feet of the street line. It would appear from the court's opinion that the assessment on the square footage basis was made against a lot that abutted on the improved street and also against a portion of another lot that did not so abut but was in fact within 150 feet of the improved street line. The court stated, at page 469, that it did not "think" that "separate lots can be regarded as separate estates * * *." Clearly they indicated that an "estate" within the meaning of these statutes could consist of more than one platted lot.

That holding becomes significant when we consider the subsequent enactment by the town council of the ordinance here being considered. The general assembly in P. L. 1952, chap. 2985, conferred upon the town council authority "to provide by ordinance for the rate and method of payment of assessments for the installation of curbing, sewers and water mains in said town * * *." Thereafter in 1955 the town council, proceeding under this enabling act, enacted chap. 233 of the ordinances, therein providing for the unitary rate of charge, the method of assessment, the confirmation of assessments, and the collection thereof.

We attach significance to the fact that the town council, when it enacted said ordinance, abandoned the assessment based on the square footage contained in the estate but continued to employ the word "estates" in providing for assessment on the basis of the front footage of the property. We must assume that the town council knew of the connotation given the word "estates" in the *Bishop* case, *supra,* and that it used the term in the ordinance intending that it have the same meaning. We cannot escape the conclusion that the town council intended that "estates" as contemplated in the ordinance were parcels or tracts put to an integrated use without regard to whether such parcel or tract consisted of one or more platted lots. Had the town

council intended that the assessment be made against each platted lot it would have so provided in express terms.

It is our opinion that where one or more platted lots comprising a single tract or parcel of land subjected to an integrated use abut on a highway or highways in which sewer mains have been installed, such tract or parcel constitutes an estate within the meaning of that term as used in sec. 6 of chap. 233 of the ordinances. It is our further opinion that the assessment provided for in sec. 6 is required to be made against such tract or parcel in the aggregate, and when in the circumstances the making of the assessment in the aggregate brings it within the terms of the exemption provided in sec. 6, such exemption shall be allowed as therein provided.

In each case the exception of the petitioners to the decision of the trial justice is sustained, and on July 6, 1960 the respondent board of sewer commissioners may appear before this court to show cause, if any it has, why each case should not be remitted to the superior court with direction to enter judgment for the petitioners in accordance with this opinion.

SHOW CAUSE HEARING.

July 8, 1960.

PER CURIAM. In the above-entitled cases, pursuant to our opinion heretofore filed, the respondent board of sewer commissioners through its attorney appeared to show cause, if any it had, why the cases should not be remitted to the superior court with direction to enter judgment for the petitioners.

Upon consideration we are of the opinion that no sufficient cause has been shown to change our conclusion, and each case is remitted to the superior court for entry of judg-

ment for the petitioners in accordance with the original opinion.

*Edward Bromage, Jr., Robert Breslin, Warren M. Pulner,* for petitioners.

*Sarkis Tatarian, City Solicitor,* for respondents.