CHRISTINE G. COTTRELL *vs.* FLORENCE M. LALLY.

JUNE 13, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

486

ROBERTS, J. This action in assumpsit was brought for the recovery of a brokerage fee. The case was tried to a jury in the superior court, and after the trial justice reserved decision on the defendant's motion for a directed verdict, the case was submitted to the jury, which returned a verdict for the plaintiff in the amount of $1,675. The trial justice thereupon denied the defendant's motion for a directed verdict and subsequently denied her motion for a new trial. The case is in this court on the defendant's exceptions to these decisions.

It appears from the record that defendant was the owner of a dwelling house located in the Watch Hill section of the town of Westerly. In the spring of 1959 she rented it to Louis Calder, Jr., of Armonk, New York, for the summer season. That plaintiff negotiated this rental does not appear to be disputed. It further appears that on May 20, 1960 defendant conveyed the premises to Calder by a warranty deed. The evidence is in substantial conflict as to whether plaintiff had been engaged by defendant to procure a purchaser for the house after the close of the 1959 season and as to whether plaintiff had conducted negotiations with Calder for the sale of the property that resulted in his purchase thereof.

The plaintiff has directed our attention to defendant's failure to relate her arguments to any specific exceptions taken at the trial. This court has often noted that appellants should reasonably identify the exceptions that are being pressed in this court and relate them by grouping, at least, to the arguments being made. *Rivard* v. *Plante*, 80 R. I. 312, 317. In the instant case it is clear from the tenor of defendant's arguments that she is pressing only her exceptions to the denial of her motions, first, for a directed verdict and, second, for a new trial.

In contending that error inhered in the denial of her motion for a directed verdict, defendant relies upon P. L. 1959, chap. 83, sec. 15 B, now G. L. 1956, §5-20.5-16, wherein it is provided that "no person shall maintain an action in any court of this state for the recovery of a commission, fee, or compensation for any act done, the doing of which is prohibited under this chapter to other than licensed brokers, unless such person was licensed hereunder as a broker at the time of the doing of the act." The trial justice denied the motion on the ground that the issue thus raised should have been raised by a plea in abatement.

The defendant argues that by her plea of the general issue

in this case she required plaintiff to prove her status as a licensed broker in order to recover. With this we do not agree. In so contending she relies on the well-settled rule first stated by this court in *Cargill* v. *Atwood*, 18 R. I. 303, that in an action of assumpsit a plea of the general issue "puts the plaintiff upon proving his whole case, and entitles the defendant, without special notice, to give evidence of anything which shows that the plaintiff ought not to recover." The plea, so far as it requires a plaintiff to prove his whole case, is concerned with the merits of the case, the existence of a contract, and a breach thereof by the defendant. The rule obviously was intended to permit a defendant who has pleaded the general issue, as did the instant defendant, to adduce evidence probative of any defense without the necessity for specially pleading the same.

The purpose of this statute, in our opinion, is to withhold from those who are within its purview access to our courts until there is compliance with the provisions thereof concerning the licensing of brokers. In this respect the statute is to be construed in like manner as those statutory provisions which close our courts to foreign corporations doing business in this state where there has been failure to qualify to so do. *New England Die Co.* v. *General Products Co.*, 92 R. I. 292, 168 A.2d 150.

When §5-20.5-16 is viewed in this light, it is our opinion that it neither invalidates the contract nor deprives the court of jurisdiction. It must be held that the legislature intended that upon a showing of noncompliance with the licensing provisions of the act, the court must decline to exercise its jurisdiction. Such a view is consistent with the construction this court made of the procedural provisions of statutes similar in effect in *Michaels-Bauer, Inc.* v. *Doughty*, 45 R. I. 510. In that case, considering a statute concerned with the qualification of foreign corporations to do business in the state, this court said at page 512: "* * *

the provisions of these sections, in so far as they bear upon questions of pleading, evidence and court procedure should receive such liberal construction as will not unduly hamper foreign corporations doing business in this state * * *."

It is our opinion that in its procedural aspects the instant statute should likewise be liberally construed. Otherwise, persons engaged in the business of real estate brokerage, a lawful pursuit, would be subject to the unreasonable burden of affirmatively proving compliance with the statute on every occasion when, seeking to enforce a contract to which they are a party, they invoke the jurisdiction of our courts. The legislature did not so intend in our opinion. In such situations a defendant who desires to preclude an exercise of jurisdiction by the court involved on the ground that the plaintiff has not complied with the provisions of said §5-20.5-16 should do so by a plea in abatement. In the instant case defendant has not done so, and we perceive no error in the denial of her motion for a directed verdict.

Turning to defendant's exception to the denial of her motion for a new trial, we reiterate that there is a substantial conflict in the evidence that relates to the employment of plaintiff by defendant and on the question of whether plaintiff did procure a ready and willing purchaser in the person of Calder. It is settled that when a trial justice is called upon to determine a motion for new trial, he is required to consider all of the evidence in the case and to pass upon the weight thereof and the credibility of the witnesses and in an exercise of his independent judgment to ascertain therefrom whether the verdict returned by the jury was contrary to the weight of the evidence. *Hulton* v. *Phaneuf*, 85 R. I. 406, 416. Where it appears from the record that the trial justice has performed his duty in this manner, his decision will be given great persuasive force in this court and will not be disturbed by us unless it appears that it is clearly wrong. *Harju* v. *Shelby Mutual Casualty Co.*, 91 R. I. 294, 162 A.2d 532.

In the instant case the trial justice has performed his duty with respect to such motion in a thorough and competent manner. A reading of his decision on the motion reveals that he made an exhaustive review of the evidence and passed upon the weight to which the testimony of the various witnesses was entitled and therefrom he concluded that the verdict was not contrary to the weight of the evidence but was substantially supported thereby. In view of this circumstance and after an examination of the transcript, we need not make any detailed review of the evidence for the purposes of this opinion. It is sufficient to note that the trial justice neither overlooked nor misconceived any of the material evidence and, considering that he saw and heard the witnesses as they testified, we cannot say that his decision denying the motion for a new trial was clearly wrong.

The defendant's exceptions are overruled, and the case is remitted to the superior court with direction to enter judgment on the verdict.

*Oliver P. Crandall,* for plaintiff.

*Harold Soloveitzik, George Ajootian,* for defendant.