LORETTA COLANTONIO *vs.* NORMAN ELLINWOOD.
AGOSTINO COLANTONIO *vs.* NORMAN ELLINWOOD.
PAUL BERARD *vs.* NORMAN ELLINWOOD.
PATRICIA BERARD *vs.* NORMAN ELLINWOOD.
VERONICA BERARD, *p.a. vs.* NORMAN ELLINWOOD.

MAY 6, 1963.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

CONDON, C. J. These actions of trespass on the case for negligence having arisen out of the same automobile accident were tried together to a jury in the superior court and resulted in a verdict for each plaintiff. The cases are here on the defendant's bills of exceptions.

The causes of action arose out of an automobile accident on West Shore Road in Warwick on July 10, 1959, in which a car operated by defendant collided with the rear end of one operated by Robert J. Campbell. The plaintiffs Loretta Colantonio, Patricia Berard and Veronica Berard who were passengers in the Campbell car suffered personal injuries as a result of the collision. The plaintiffs Agostino Colantonio and Paul Berard are the husbands, respectively, of Loretta and Patricia. Veronica is a daughter of Paul and Patricia.

The jury returned the following verdicts: Loretta $1,000; Agostino $700; Patricia $2,000; Paul $1,000; and Veronica $15. In each case defendant filed a motion for an unconditional new trial which the trial justice denied. Each plaintiff except Veronica also filed a motion for a new trial solely on the question of damages or in lieu thereof an additur. The trial justice granted Loretta's motion unless defendant consented to an additur of $2,500 and also Patricia's motion

unless defendant consented to an additur of $2,000, but he denied their husbands' motions.

At the conclusion of the evidence defendant moved for a directed verdict in each case which was denied. The defendant excepted to such denials, to the decision on each motion for a new trial, and also to the denial of his motion to withhold plaintiffs' bills of particulars from the jury. His bills of exceptions contain numerous other exceptions taken to rulings during the trial but since he has neither briefed nor argued them they are deemed to be waived.

In support of his exception to the denial of his motion for a directed verdict in each case defendant contends that the trial justice erred because "the explanation for the rear end collision as given by the defendant was uncontradicted, unimpeached and not inherently improbable." It appears from the evidence that when he saw the Campbell car about to come to a stop ahead of him he applied his brake but it failed to slow down his car which was traveling about 20 to 25 miles per hour. He further testified that he pressed the brake pedal three times before he collided with the Campbell car. He had had no trouble with the brakes previously and claimed that they had functioned properly only a short time before and at a place about 1,000 yards from the scene of the accident.

He explained his failure to apply his emergency brake by saying he was so shocked at the brakes failing to work that he did not think of it until it was too late to avoid the collision. He admitted that he did nothing else to prevent his car from colliding with the Campbell car although he knew there was a lane to his right free of traffic and an open field beyond it.

Where as here a defendant seeks to exculpate himself from liability for a rear-end collision we have held that a question of credibility for the determination of the jury inevitably arises. *Kennedy* v. *New England Bakery,* 80 R. I. 224. The proof of the collision which makes out a prima

facie case in favor of plaintiffs and the testimony of defendant attempting to overcome it necessarily raise a conflict in the evidence and therefore the trial justice did not err in denying the motions for directed verdicts. The defendant's exceptions to such denials are overruled.

The next question is whether the trial justice erred in denying defendant's motions for unconditional new trials in all five cases. We are of the opinion that he did not. Without reviewing the evidence further it appears to us that the jury could have reasonably concluded therefrom that defendant did not do all that a prudent man ordinarily should have done when he became aware of the failure of the brakes of his car. That they did so conclude and that the trial justice in the exercise of his mature and more experienced judgment has approved their verdicts confront defendant with a heavy burden of proving here that the trial justice was clearly wrong. In such circumstances his decision will be given great persuasive force in this court. *Cottrell* v. *Lally*, 94 R. I. 485, 182 A.2d 302. In our opinion defendant has failed to discharge the burden thus incumbent upon him and therefore the exception to the denial of his motion for an unconditional new trial in each case is overruled.

We now come to the exceptions which raise the question of the correctness of the award of additurs in the cases of Loretta and Patricia and also the correctness of the decision granting a new trial to plaintiff in each of those cases in the absence of defendant's consent to such additurs. The defendant contends that the trial justice misconceived the testimony of Dr. G. Edward Crane who was called by defendant. We have examined Dr. Crane's testimony and the trial justice's comment thereon in his decision and we cannot agree with defendant's contention. That testimony related to an examination of Patricia Berard which Dr. Crane had made after she had been in another accident on February 25, 1961. The purpose of defendant's production of Dr. Crane apparently was somewhat obscure but the trial

justice expressed the belief that it was intended to show Patricia Berard had completely recovered from the residuals of the first accident. Whatever its purpose it was not in our opinion of such consequence as to vitally affect the trial justice's consideration of the adequacy of the jury's award of damages to Mrs. Berard. And it obviously had no relation to the damages awarded to Mrs. Colantonio.

On the question of the propriety of the additurs we cannot say that the trial justice was clearly wrong in concluding that the damages awarded to Mrs. Colantonio and Mrs. Berard were grossly inadequate. From our examination of the transcript we are satisfied that the evidence relating to their injuries would reasonably warrant the granting of an additur in each case. Whether we would have granted one as substantial as the trial justice did is not in the circumstances a matter for our determination. Where an additur is not unreasonable we will not disturb it even though our own view of the evidence might incline us to award a smaller sum.

With reference to the issue of the trial justice's decision in granting plaintiffs Loretta and Patricia a new trial solely on damages in the event defendant declined to file the required consent to the additurs, we are of the opinion that he did not err. Since he expressly approved each verdict on the question of liability and since we have hereinabove sustained his decision on that point, there is no compelling reason in justice to the parties for ordering a new trial thereon as well as on the damages. Where there is thus no evidence upon which the jury could have based a verdict for defendant the trial justice would have erred if he had granted a new trial on the issue of liability as well as damages. *Taillon* v. *Boyle,* 86 R. I. 156. If there were some ground in the evidence for a strong suspicion that the award of inadequate damages was the result of a compromise by the jury on the question of liability a new trial on damages only would be improper. *Loughran* v. *McKenna,* 60 R. I. 453;

*Sayegh* v. *Davis,* 46 R. I. 375. But the evidence here is indicative of no such suspicion. The trial justice therefore did not err in limiting a new trial in each case to the damages only.

In our opinion there is no merit in the defendant's exception to the denial of his motion to withhold the plaintiffs' bills of particulars from the jury. The established practice in this state is to give the jury all the papers in the case. Unless some clear prejudice could be shown as likely to result from the jury receiving the bills of particulars it was not error for the trial justice to follow the established practice.

In the cases of Loretta Colantonio and Patricia Berard the defendant's exceptions in each case are overruled, and each case is remitted to the superior court for a new trial on damages only unless the defendant shall within the period to be fixed by that court consent to the additur heretofore awarded by the trial justice.

In the cases of Agostino Colantonio, Paul Berard and Veronica Berard the defendant's exceptions in each case are overruled, and each case is remitted to the superior court for entry of judgment on the verdict.

*Philip W. Noel, Joseph G. Miller,* for plaintiffs.

*Francis V. Reynolds, Bernard W. Boyer,* for defendant.