**207 A.2d 36.**

NICHOLAS STRIGAS *vs.* JEAN H. PELOQUIN.

FEBRUARY 11, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

PAOLINO, J. This is an action of trespass on the case for negligence to recover damages for personal injuries resulting from a rear-end collision. The case was tried before a justice of the superior court sitting with a jury and

resulted in a verdict for the defendant. It is before us solely on the plaintiff's exception to the trial justice's decision denying his motion for a new trial.

The plaintiff has briefed and argued his appeal only on the issue of liability. For this reason we shall confine our examination of the record solely to those essential portions of the evidence which relate to that issue.

The collision occurred in the city of Pawtucket on June 7, 1961 at approximately 4:55 p.m. on Lonsdale avenue about 15 feet before the intersection of Baldwin street. Lonsdale avenue runs generally in a north and south direction. It is a three-lane highway with parking permitted on the westerly side only. It appears from the evidence that there were only two lanes used for traffic at the point where the accident took place. One lane was used for parking. At the time the weather was clear and it was still daylight.

The plaintiff was a member of the police department of the city of Pawtucket. On the day of the accident, while in the performance of his duties, he was operating a police cruiser in a southerly direction on Lonsdale avenue at about 15 miles per hour. His testimony in substance is that as he approached the intersection of Baldwin street a dog suddenly dashed into the street in front of the police cruiser; that he applied his brakes and came to a halt; that two or three seconds later defendant crashed into the rear of the cruiser; that the impact was violent; that he had to stay behind his steering wheel three to five minutes after the collision; and that he received serious injuries to his back from a piece of wood that had been used to brace the broken back of the driver's seat in the police cruiser.

The defendant testified in substance that as he entered Lonsdale avenue from Weeden street, he noticed that he was driving behind a police car which was clearly identified as such by the legend "Police" across the back; that

he followed it about one tenth of a mile from Weeden street to the point where the accident happened; that prior to the accident the police car was traveling from 15 to 20 miles per hour; that he was driving about one or one and one-half car lengths behind it at the same speed; and that there was a continuous stream of traffic coming from the opposite direction.

He further testified that a second or two before the accident he heard a noise on the seat to his right; that his attention was thereby momentarily distracted as he took his eyes off the road and directed his attention to the area from which he heard the sound; that the noise was caused by his lunch box on the front seat rubbing against the right front door of his car; and that when he again looked forward he saw that the police car had suddenly stopped. The defendant testified that he saw no signal lights or hand signals by plaintiff; that he applied his brakes hard and tried to turn to his left to avoid contact but this was not possible because of the heavy traffic in the northbound lane; that he stopped as fast as he could; that he skidded into the rear of the cruiser; that at the time of the impact his car was going about one or two miles per hour; that the impact was slight; and that if he had another foot there would have been no impact at all.

The defendant further testified that the skid marks caused by his braking measured 22 - 24 feet; that after the accident he saw no damage to the police cruiser resulting from this accident; that the only damage to defendant's car was a dent in the right fender which had struck the left rear bumper of the police car; that plaintiff jumped out of his car immediately after the impact and hurried up Baldwin street; that defendant followed him to learn why plaintiff had stopped so abruptly and why he was going up Baldwin street; and that when he caught up with plaintiff he learned for the first time that plaintiff claimed

he stopped suddenly to avoid hitting a dog and was looking to see if he had injured the dog.

The plaintiff based his motion for a new trial on the usual grounds that the verdict was against the law, the evidence and the weight thereof, and that it failed to do substantial justice between the parties.

In considering plaintiff's motion for a new trial the trial justice carefully examined and analyzed the evidence of both parties on the question of liability. After exercising his independent judgment he concluded that it was "so nearly evenly balanced that a reasonable jury might well find that it was impossible to say whether it weighed in favor of the plaintiff or of the defendant on the issue of negligence. And a reasonable jury so finding would have had the duty, as stated in the Court's instructions, of finding for the defendant." The trial justice had instructed the jury with respect to plaintiff's burden of proof and also with respect to the law applicable in rear-end collisions.

In the circumstances, the trial justice stated that it was his opinion that the jury's verdict responded to the merits of the controversy; that on the issue of negligence different minds could naturally and fairly come to different conclusions; and that, therefore, under the rule set out in *Kasegian* v. *Mottram*, 95 R. I. 183, 185 A.2d 450, he had no authority to disturb the jury's findings.

The narrow issue raised by plaintiff's exception is whether the trial justice's decision was clearly wrong. In our opinion he exercised his independent judgment in accordance with our well-established rule in passing on plaintiff's motion for a new trial. See *Barbato* v. *Epstein*, 97 R. I. 191, 196 A.2d 836.

In the posture in which this case has been presented to us the question of contributory negligence is not an issue, since defendant, in effect, admitted that plaintiff, in the circumstances, had no time to signal his intention to stop suddenly. Indeed, there is nothing in the evidence indi-

cating that the absence of a hand signal or stop light contributed to this accident in any way.

The law applicable to rear-end collisions is well settled in this state and requires no elaboration here. See *Rivard v. Plante,* 80 R. I. 312; *Colantonio* v. *Ellinwood,* 96 R. I. 226, 190 A.2d 584.

The plaintiff does not contend that the trial justice misconceived or overlooked any material evidence; nor does he contend that the jury failed to follow the law given by the trial justice. His sole contention, it seems to us, is that the verdict is against the weight of the evidence on the issue of liability and that therefore the trial justice's denial of his motion for a new trial was clearly wrong.

In our opinion the plaintiff has failed to sustain the burden of proving that the trial justice was clearly wrong. *Colantonio* v. *Ellinwood, supra.* In such circumstances his decision carries great persuasive force in this court. *Cottrell* v. *Lally,* 94 R. I. 485, 182 A.2d 302.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*John F. McBurney,* for plaintiff.

*Martin M. Zucker,* for defendant.