Robert E. GENTILE

v.

Matthew J. GILL, Jr., et al.

No. 87-340-M.P.

Supreme Court of Rhode Island.

June 19, 1989.

Edward H. Newman, Adamo & Newman, Westerly, for plaintiff.

James E. O'Neil, Atty. Gen., Caroline Cole Cornwell, Asst. Atty. Gen., for defendant.

## OPINION

**KELLEHER, Justice.**

Acting pursuant to G.L.1956 (1988 Reenactment) § 42-35-16 of the Administrative Procedures Act, we have issued a writ of certiorari to respond to the issue of whether a motorist can be charged in Rhode Island with refusal to take a breathalyzer test when the driving episode takes place in the motorist's driveway.

On April 20, 1986, a Westerly police officer, responding to a domestic-disturbance call, observed Robert E. Gentile (Gentile) attempting to back out of his driveway in his car. The officer blocked the end of the driveway with his vehicle so that Gentile could not enter onto the public roadway. Nevertheless, Gentile made several at-tempts to get around the police vehicle, almost striking the vehicle with his own at least once, but fortunately he failed in his efforts to leave the driveway. After Gentile had stepped out of his vehicle, the police officer noted several factors that indicated that Gentile was intoxicated—he was staggering when he walked, he experienced difficulty putting his hands into his pockets, and the odor of alcohol that emanated from his throat was rather strong. Gentile was arrested, informed of his rights, and taken to the Westerly police station. After spending approximately one hour at the station, Gentile was asked to take a breathalyzer test. He refused to respond to the inquiry.

Gentile's refusal necessitated that he appear at an administrative hearing held by the Registry of Motor Vehicles. The registry subsequently suspended Gentile's license for a one-year period and imposed a fine. Gentile appealed this action and raised the private property defense before the Administrative Adjudication Division of the Department of Transportation. His efforts there met with little success. He then appeared before the District Court where a District Court judge found the private-property argument to be without merit.

In his District Court appeal Gentile argued that he should not be charged under G.L.1956 (1982 Reenactment) § 31-27-2.1, as amended by P.L.1986, ch. 508, § 1 because at no time had he left his private driveway. A District Court judge found this contention to be without merit. In construing pertinent statutes, the District Court judge concluded that the Legislature had intended § 31-27-2.1 to apply to conduct occurring on private property. Thus, judgment was entered affirming the decision of the Administrative Adjudication Division.

We issued a writ of certiorari to consider an issue that we believe has significant public interest.

We begin by examining § 31-27-2.1, which in its pertinent portions states that all persons who operate motor vehicles within this state shall be deemed to have

given their consent to chemical tests of their breath, blood, and/or urine for the purpose of determining the chemical content of their bodies' fluids or breath.

Gentile focuses on the phrase "person who operates a motor vehicle," then refers us to the definitional portion of the motor-vehicle code, G.L.1956 (1982 Reenactment) § 31–1–17(c), as amended by P.L.1984, ch. 295, § 1, where the term "operator" is defined as

> "[e]very person * * * who drives or is in actual physical control of a motor vehicle upon a *highway* or who is exercising control over or steering a vehicle being towed by a motor vehicle." (Emphasis added.)

He then refers to the term "highway," which is defined by § 31–1–23(a), as amended by P.L.1982, ch. 302, § 1 as "[t]he entire width between boundary lines of every way when any part thereof is open to the use of the public for purposes of vehicular traffic." The term "driveway" is defined in § 31–1–23(b) as "[e]very way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner but not by other persons."

Gentile argues that since he was operating a car in a "driveway" and not on a "highway" as defined by statute, he was beyond the reach of the state's regulatory agencies, be they administrative or judicial.

The state responds to Gentile's contentions by emphasizing that the language in § 31–27–2.1(a) speaks of persons believed by police to "have been driving a motor vehicle within this state" while under the influence of intoxicating liquor, which language suggests that the legislation was intended to apply to any "driver" as well as to any "operator." The term "driver" is defined in § 31–1–17(e) as "[a]ny operator or chauffeur who drives or is in actual physical control of a vehicle." The state emphasizes that this definitional portion has no express requirement that a vehicle be operated on a highway. The state maintains that since § 31–27–2.1 applies to "drivers," which are described by the statute as including anyone who drives or is in physical control of a vehicle, this verbiage mandates that § 31–27–2.1 is not restricted in its application to those who operate vehicles on our highways. However, the definition of "drivers" encompasses within its terms "operators."

Rather than become engulfed in a semantic morass concerning the various statutory definitions that are sprinkled throughout the motor vehicle code, we believe that the solution to the problem presented to us in this litigation can be found in G.L.1956 (1982 Reenactment) § 31–12–1(2). In its pertinent portions this section reads, "The provisions of * * * §§ 31–27–1 to 31–27–4, inclusive, shall apply upon highways *and elsewhere throughout the state.*" (Emphasis added.)

Many years ago, in *Davis v. Lussier*, 86 R.I. 304, 134 A.2d 124 (1957), a motorist sought to enjoin the State Registrar of Motor Vehicles from suspending his certificate of registration and operator's license because of the motorist's failure to comply with certain provisions of the motor-vehicle-safety responsibility act, then known as Public Laws 1952, chapter 3002. There the motorist, while operating his motor vehicle in a private parking lot, collided with another motor vehicle located on the lot. Thereafter, and as a result of this collision, the motorist was notified by the registrar that the provisions of the motor-vehicle-safety responsibility act were applicable and that unless the motorist either deposited cash security to satisfy any judgment rendered against him, or secured a release from liability, the motorist's license and registration would be suspended. *Id.* at 306, 134 A.2d at 125.

The sole issue in this litigation was whether the provisions of the safety responsibility act applied to collisions that take place on private property. The relevant language was to be found in section 4 of article III of the act, which said " '[t]he operator of every motor vehicle *which is in any manner involved in an accident within this state*' " is to file the necessary information with the registrar. *Id.* at 307, 134 A.2d at 125.

In ruling that the parking-lot episode was subject to the provisions of the 1952 legislation, this court observed that the pertinent language used by the Legislature was broad and comprehensive and, taken in its natural sense, meant that an obligation to establish financial responsibility arose upon the occurrence of "any accident" involving motor vehicles. Like our predecessors in *Davis* we too believe that there is no room for a contrary construction, nor is there any justification for our presuming that the Legislature intended to except from the statute in question episodes that occur on private property when the Legislature has specified that "the provisions of * * * §§ 31–27–1 to 31–27–4, inclusive, shall apply upon highways and elsewhere throughout the state."

We would also emphasize that there are a number of jurisdictions whose driving-under-the-influence statutes are applicable to highways and "elsewhere" in the respective states. Such statutory enactments have been interpreted to apply to episodes occurring on public or private property. *State v. Hollobaugh,* 297 A.2d 395 (Del.Super.Ct.1972); *People v. Guynn,* 33 Ill.App. 3d 736, 338 N.E.2d 239 (1975); *State v. Valeu,* 257 Iowa 867, 134 N.W.2d 911 (1965); *State v. Budden,* 226 Kan. 150, 595 P.2d 1138 (1979); *State v. Novak,* 338 N.W.2d 637 (N.D.1983).

In employing the phrase "and elsewhere throughout the state" the General Assembly recognized that the danger posed by an intoxicated driver to the driver and others or to one's property is the same whether the particular "folly" occurs on private property or on a public highway. *See State v. Magner,* 151 N.J.Super. 451, 454, 376 A.2d 1333, 1334 (1977).

The petition for certiorari is denied and dismissed; the writ heretofore issued is quashed and the record in the case is ordered returned to the District Court with our decision endorsed thereon.