MARTIN O. WALKER, Appellant, *vs.* HORACE E. BARRON, Respondent.

APPEAL FROM THE DISTRICT COURT OF RICE COUNTY.

Proof of particular customs is generally allowed to aid Courts and Juries in arriving at the intentions of parties, when they perform acts or make contracts, that are susceptible of more than one meaning. The custom must, however, be so well established in the particular locality, trade, profession or business, to permit its being proved, that all men transacting the business to which it relates, must be presumed to have knowledge of it, and to act and contract with reference to it. It must be shown that the custom existed at the place where, and the time when, the contract or act sought to be affected by it, was made or performed. It is only in exceptional cases that proof of an usage in one place is allowed to show that it existed in another.

In cases where a new trial is awarded for error committed by the Judge, the costs of the irregular trial should abide the event of the suit, and be recoverable by the party who ultimately succeeds.

## Points and Authorities of Appellant.

I.—All contracts made in the ordinary course of business, without particular stipulations, express or implied, are presumed to be made in reference to any existing usage or custom relating to such trade, and it is always competent for a party to resort to such usage to ascertain and fix the terms of the contract. *Chitty on Con.*, 8th *Am. ed.*, 83 *and note; Starkey on Ev.*, vol. 2, *part* 1st, 362 *and note* 359 *and* 366; *Hinton vs. Locke*, 5 *Hill*, 437; 9 *Wheat.* 589 592.

II.—The rules of the common law, governing ancient and local customs and usages, are' entirely inapplicable to those customs which, as in this case, are sought to be incorporated into contracts, on the ground that parties must have contracted with reference to them. See authorities cited to the last point. *Clark vs. Baker*, 11 *Met.* 186; *Parsons on Con. p.* 53 *and Note a, and* 56, *Note i; Bridgeport Bank vs. Dyer*, 19 *Conn.*, 136; *Thompson vs. Hamilton*, 12 *Pick.*, 424; 1 *Greenlf. on Ev.*, *sec.* 295; *Leach vs. Beardelu*, 22 *Conn.*, 404; *Marcy et al. vs. Whaliny Ins. Co.*, 9 *Met.*, 363.

III.—If the evidence could have had any bearing, however slight, on the case, it was error to reject it.

The Plaintiff claimed upon a "*quantum valebant*." The Defendant alleged a special contract, at less than board furnished to ordinary boarders was shown to be worth, in consideration of the stoppage of his stages at the Plaintiff's hotel.

The evidence was conflicting. Can it be contended that in this state of the pleadings and evidence, proof that it was usual and customary in that particular business to make deductions for such considerations, would not have tended to corroborote Defendant's version of the contract, by affording a reasonable presumption that the parties must have made it with reference to such usage. *Week vs. Holmes*, 12 *Cush.*, 219; *Thompson vs. Hamilton*, 12 *Pick.*, 425-428.

IV.—The costs of the former trial were not properly taxable against the Defendant, this Court having rendered judgment in favor of Defendant, on appeal, and the order being made with reference to costs.

Points and Authorities of Respondents.

I.—No custom or usage of trade can be binding on the Plaintiff, or be allowed to be proved in Court, unless the same is established, known, uniform, reasonable, not contrary to law, and not excluded expressly or impliedly by the terms of the contract. 2 *Green. Ev.*, sec. 251, *p.* 240; 2 *Pars. Cont.*, 53 *and note*, *avd* 57; 1 *Smith L. C.*, 676-7; *Bowen vs. Stoddard*, 10 *Met.*, 380; *Stevens vs. Reeves*, 9 *Pick.*, 198-200; *Macomber vs. Parker*, 13 *Pick.*, 182-3.

II.—Evidence of a custom or usage of trade is only admissible to explain and show what the contract really is, and upon the hypothesis that the parties have contracted with reference to such custom or usage. It is never admissible for the purpose of aiding or varying a contract from that intended by the contracting parties. 2 *Pars. Cont.*, 50 *and note, and* 52 *note and* 59; *Kempton et al. vs. Swift et al.* 2 *Met.* 70; *Clark vs. Barker*, 11 *Met.*, 189; 1 *Smith L. C.*, 680 *and* 684-5.

III.—The answer of the Defendant does not allege any custom or usage, but alleges that the board was furnished under a special contract between the Plaintiff and Defendant, whereby the Defendant agreed to pay and the Plaintiff agreed to take

a certain fixed price in cash per week for each boarder, and Defendant attempts to prove the allegation by his own testimony and the deposition of David S. Pratt, used on the trials. *Chit. Plead.*, 217; 1 *Black. Com.*, 76.

IV.—The question, by its terms, does not tend to elicit testimony of a custom whereby the Defendant is bound to confer any benefit upon the Plaintiff, or does confer any benefit on him, therefore it would be unreasonable, unjust and unlawful for such custom to be binding on the Plaintiff. Otherwise every action to collect a debt may be defended on the ground of custom.

V.—If the interrogatory ruled out by the Court below was inadmissible for any reason, this Court will not enquire upon what grounds the objection was made or the evidence excluded. The Court below had a right to exclude improper evidence, if no objection were made by Plaintiff's attorneys. If a new trial were ordered and the same interrogatory put to the Defendant, it must be ruled out again, whether for the same or other reasons would be quite immaterial. *Cooper vs. Barber*, 24 *Wend.*, 105 *and Farm. and Man. Bank vs. Whenfield, Id.*, 426.

VI.—As to costs, the usual practice is to require the costs and disbursements of a former trial to be paid as one of the conditions on which a new trial is granted, and sometimes even to require the costs of a successful application for a new trial, to be paid by the prevailing party on such application. *Ellsworth vs. Gooding*, 8 *How.* 1; *and Von Schonk vs. Winne, Id.* 5; *Gosling and wife vs. Acker*, 2 *Hill*, 391; *Hicks vs. Wattemin*, 7 *How.*, 370.

VII.—And always at least to allow the party ultimately prevailing to obtain a judgment for all his costs on a former trial in which he was successful, and sometimes when he was unsuccessful. *Fitch vs. Stevens*, 2 *Met.*, 506; *Anonymous* 1 *How.* (*N. J.*) 496, *cited* 4 *U. S. Dig.* 444, *No.* 169.

VIII.—Our practice is when a remittitur is ordered, as in this case, to allow the prevailing party in the Supreme Court his costs in that Court. The costs of the former trial to abide the final result. *Comp. Stat.*, 577, *sec.* 2; 24*th*, 25*th, and* 26*th*

*Rules of Court*, 1 *Minn. Rep.*, 453; 2 *Whit. Prac.*, 510; *see bill of costs, and Id.* 277.

COLE & CASE, Counsel for Appellant.

BATCHELDER & BUCKHAM, and BERRY & PERKINS, Counsel for Respondent.

*By the Court.*—FLANDRAU, J.—This action was brought to recover for the board and lodging of Defendant's stage agent, his drivers and men, and for stabling his horses and teams. The complaint alleges the value of the board and lodging of the men and drivers, and the stabling for the teams, and sets out a special contract for the board of the stage agent at four dollars per week.

The answer alleges that the men and drivers were to be boarded upon a special contract, for two dollars per week, the consideration for which was that the Defendant would run his stages and passengers to Plaintiff's hotel, and would give him the boarding and lodging of the men and drivers; and also sets up a special contract for the board of the agent at three dollars per week.

After conflicting testimony had been received concerning the existence of the special contracts alleged in the answer, the Defendant being upon the stand, was interrogated on his knowledge of the stage business, and disclosed that he had great experience therein, in Minnesota and elsewhere. He was then asked the following question:

"Do you know whether it is customary among hotel keepers to make any difference in their charges for board between persons employed in the stage business and others, when stages run regularly to their hotel?"

The question was objected to upon the ground that an usage, to be valid, must be fixed, certain, reasonable and general; established, known and uniform, and not contrary to law, and that the question did not tend to elicit testimony to this extent; also for irrelevancy, and to the form of the question.

Upon this objection the testimony was excluded, and no further attempt was made to follow up the subject by the Defendant.

As one of the issues for the jury to pass upon was the existence of the contract to furnish the board and lodgings at a lower rate than claimed by the Plaintiff, the consideration for which was alleged to be the running of the Defendant's stages to the Plaintiff's hotel, proof of the existence of a custom to board such men lower than others would have tended strongly to support the theory of the Defendant, and been a corroborating circumstance in aid of his having made the contract. We think such a custom might have been proved in this case. There is nothing unreasonable in such a custom, nor does it in any manner conflict with the rules of law or policy. It would not have been admissible to influence the contract made by the parties, if it was found that one was made, but simply as rendering it more probable that they made such a contract. It was admissible upon the issue of contract or no contract.

Proof of particular customs is generally allowed to aid Courts and juries in arriving at the intention of parties when they perform acts or make contracts that are susceptible of more than one meaning. It is to place the Court in the position occupied by the party, and surround it with the same influences that operated or might have operated upon him when acting. "The law is not so unreasonable as to deny to the reader of any instrument the same light which the writer enjoyed." *Wigram on Extr. Ev.*, 57-8; 2 *Cow. & Hill's Notes to Phil. Ev.*, 505. They may, however, like any other facts or circumstances, be shown when their existence will increase or diminish the probabilities of an act having been done or not done, which act is the subject of contest.

A custom, however, must be so well established in the particular locality, trade, profession or business, to permit its being proved, that all men transacting the business to which it relates, must be presumed to have knowledge of it, and to act and contract with reference to it. It is only because the custom is supposed to have influenced the parties who act within the sphere of its operation that it is admissible at all. It must therefore be clearly shown that the custom existed at the place where, and the time when the contract or act sought to be affected by it was made or performed. It is only in some exceptional cases that proof of an usage in one place is allowed to show that it existed in another.

The question propounded to the witness in this case, had no reference to the time when the contract was alleged to have been made, which was several years before, nor to the place where it was made. It did not even refer to the county or state. It did not call for an established uniform custom that had become the law of the business referred to. It was therefore irrelevant and properly ruled out.

The case was once tried and the Plaintiff recovered a judgment. An appeal was taken to this Court and the judgment was reversed for error of the Judge in admitting testimony on the trial, and a new trial was awarded, nothing being said by this Court as to costs. On the second trial the Plaintiff again had judgment, and claimed the right to tax the costs of the first trial in the Court below. In this he was right. In all cases where a new trial is awarded for error committed by the Judge, the costs of the irregular trial should abide the event of the suit, and be recoverable by the party who ultimately succeeds.

Judgment affirmed.