Emma R. MacGregor *vs.* Rhode Island Company.

PROVIDENCE—MARCH 15, 1905.

Present:  Douglas, C. J., Dubois and Blodgett, JJ.

(1)  *Pleading.  Damages.  Permanent Injuries.*

While an averment of permanent injury is not required in a declaration in an action for negligence, when it appears that permanent incapacity must inevitably result from the nature of the injury, yet good pleading requires such an averment when the injuries complained of are not necessarily permanent in their nature.

(2)  *Damages.  Permanent Injuries.*

To entitle apprehended consequences from an accident to be considered by the jury they must be such as in the ordinary course of nature are reasonably certain to ensue.  Consequences which are contingent, speculative, or merely possible can not be considered in ascertaining the damages.

(3)  *Life Tables.  Evidence.  Permanent Injuries.*

While the admission of life tables is proper in cases where permanent injury necessarily or with reasonable certainty must result, in a case where permanence is neither averred nor shown to be probable their admission is improper.

Trespass on the Case. Heard on petition of defendant for new trial, and granted on question of damages.

Blodgett, J. The defendant's exception that the verdict is contrary to the evidence must be overruled. The liability of the defendant is clearly established by the testimony, and the only questions remaining for consideration are questions relating to damages.

(1)   The declaration contains no averment of permanent injury, and while such an averment is not required when it appears from the nature of the injury that permanent incapacity must inevitably result, yet the rules of good pleading require such an averment when the injuries complained of are not necessarily permanent in their nature.

. Thus, in 1 Chitty Pl. 16th Am. ed. § 411, the rule is thus stated: "Whenever the damages sustained have not necessarily accrued from the act complained of, and consequently are not *implied* by law, then, in order to prevent the surprise on the defendant which might otherwise ensue on the trial, the plaintiff must in general state the particular damage which he has sustained, or he will not be permitted to give evidence of it." This is but an amplification of the familiar rule of pleading that special damages must be specially averred. In the case of an injury resulting, for example, in the loss of a limb or of an eye, it is obvious that the element of permanency is necessarily implied in the very description of the injury, and consequently an averment to that effect is not requisite. But there are many injuries the description of which shows that their permanence is merely probable, as well as many other injuries where permanence is more doubtful and more improbable, but, nevertheless, is within the bounds of possibility. We think it is no hardship to require a plaintiff in such cases to aver permanence if he wishes to offer evidence of it. And see Watson on Damages for Personal Injuries, Sec. 305.

In the case at bar the accident complained of was a severe shock, or jolt, to the plaintiff while a passenger seated in the car, not resulting in any broken bones or in the loss of any limb or organ, and causing pain and suffering to the date of

suit. The declaration contains the averment that "for a long time to come she will continue to suffer like pain and nervous shock and will be unable to earn any wages or income," &c.

A careful consideration of the medical testimony offered by the plaintiff, and construed most favorably in her behalf, shows that there is no evidence that the injuries complained of will be permanent, since no one of them testifies that their permanence is even probable. Their utmost claim is that under certain conditions her injuries may last indefinitely.

Thus the testimony of Dr. Eccleston, who attended the plaintiff from the month of August succeeding the accident until within a week of the trial, and who was called as a witness on her behalf, is as follows on the question of the permanency of her injuries: "Q. 29. Has she improved? A. I think she has. Q. 30. How much? A. Well, I think there is a perceptible improvement. Q. 31. Judging from her condition how long do you think this trouble may last? A. Under the most favorable conditions I should think that it would be a question of probably eighteen to twenty-four months. Q. 32. Under the most favorable conditions? A. Yes. Q. 33. And under ordinary circumstances how long do you think it would last? A. No man knows. Q. 34. How long may it last? A. It might last indefinitely."

(2) In *Strohm* v. *The N. Y., L. E. & W. R. R. Co.*, 96 N. Y. p. 306, the Court of Appeals of New York thus defines the rule: "Future consequences, which are reasonably to be expected to follow an injury, may be given in evidence for the purpose of enhancing the damages to be awarded. But to entitle such apprehended consequences to be considered by the jury, they must be such as in the ordinary course of nature are reasonably certain to ensue. Consequences which are contingent, speculative, or merely possible, are not proper to be considered in ascertaining the damages. It is not enough that the injuries received may develop into more serious conditions than those which are visible at the time of the injury, nor even that they are likely to so develop. To entitle a plaintiff to recover present damages, for apprehended future consequences, there must be such a degree of probability of their occurring as

amounts to a reasonable certainty that they will result from the original injury."

*Strohm* v. *N. Y., L. E. & W. R. R. Co., supra,* was affirmed and followed in *Tozer* v. *N. Y. & H. R. R. Co.,* 105 N. Y. 617, and in *Ayres* v. *Delaware, L. & W. R. R. Co.,* 158 N. Y. 264 (1899); also in *L'Herault* v. *Minneapolis,* 69 Minn. p. 264, and *McBride* v. *St. Paul City R. R. Co.,* 72 Minn. p. 294 (1898). And see I Sedwick on Damages, Sec. 172.

In *W. U. Tel. Co.* v. *Morris,* 28 C. C. A. p. 58 (1897), the United States Circuit Court of Appeals says: "In some cases injuries are sustained which are of such a nature as will, in themselves, warrant an inference that they will permanently affect the injured person's health, or lessen his or her capacity to labor; but in the present case we can not say that the injuries inflicted by the surgical operation were of such a character that the jury were at liberty to infer therefrom that the health of the plaintiff would be permanently affected, or that her capacity to labor would be thereby impaired. It is just as reasonable to suppose, in the absence of any evidence on the subject, that she sustained no loss in either of these respects."

And see *Dudley* v. *Front Street Cable Ry. Co.,* 73 Fed. Rep. 128; *Cameron* v. *Union Trunk Line,* 10 Wash. p. 512; *Hardy* v. *Milwaukee Street Ry. Co.,* 89 Wis. 187, affirmed in *Kucera* v. *Merrill Lumber Co.,* 91 Wis. p. 645 (1895); *Kenyon* v. *Mondovi,* 98 Wis. p. 54 (1897).

(3)    Such being the state of the pleadings and of the evidence, we fail to see the relevancy of the Carlisle Life Tables to show the expectancy of the plaintiff's life. In *Sweet* v. *Providence & Springfield R. R. Co.,* 20 R. I. 785, we held that such tables were properly introduced in the case of an accident causing death, and we think that their admission is proper in cases in which permanent injury necessarily or with reasonable certainty must result. *Foster* v. *Bellaire,* 127 Mich. 13 (1901), and cases cited. And see also *Steinbrunner* v. *Ry. Co.,* 146 Pa. St. p. 514; *Kerrigan* v. *Penn. R. Co.,* 194 Pa. St. p. 105; *Atlanta & West Point R. R. Co.* v. *Johnson,* 66 Ga. 269; *Ohio & Mississippi Ry. Co.* v. *Cosby et al.,* 107 Ind. p. 36; and

*Stomne* v. *Hanford Produce Co.*, 108 Ia. p. 145.   But in a case in which permanence is neither averred nor even shown to be probable, not to say that it is not proved, we are of opinion that the admission of evidence as to the probable duration of the plaintiff's life is improper and can only mislead the jury as to the real import of the testimony upon the question of damages.

While it is not possible to determine with accuracy from the record upon what testimony the jury based their verdict of $6,000, it is nevertheless entirely clear that that amount is an excessive amount for such injuries as the testimony discloses in this case if their duration is considered as established by the foregoing testimony; and if the amount is based upon permanent injury for a period presumptively established by the life tables, it is sufficient to say that the evidence does not warrant a finding of permanent injury.   In either event the defendant's exception thereto must be sustained.

The case will accordingly be remitted to the Common Pleas Division for a new trial upon the single question of the amount of the plaintiff's damage.

*David S. Baker and Lewis A. Waterman*, for plaintiff.

*Henry W. Hayes, Frank T. Easton, Lefferts S. Hoffman, and Alonzo R. Williams*, for defendant.