210 A.2d 131.

Gabriel Budwee *vs.* New England Motors, Inc.

MAY 20, 1965.

Present: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

Powers, J. This is an action of trespass on the case for negligence brought to recover damages for personal injuries allegedly resulting from the negligent operation of an automobile owned by the defendant. It was tried to a superior court justice sitting with a jury and resulted in a verdict of $1,600 for the plaintiff. The trial justice granted the defendant's motion for a new trial unless the plaintiff remitted all of the verdict in excess of $1,000. The plaintiff duly filed such remittitur. The case is now before this court on the defendant's bill of exceptions in which it presses exceptions to the denial of its motion for a directed verdict, to certain evidentiary rulings, to the refusal of the trial justice to direct the jury as requested, to certain instructions as given, to the denial of its motion that the case be passed, and to the denial of its motion for an unconditional new trial.

The record establishes that on June 27, 1960 Leroy Garrett was in the employ of defendant corporation as a "lot boy." His duties consisted of moving cars around, off and on the lot, having them filled with gas, driving them to defendant's garage and such other incidentals as he might be directed to do.

The record further establishes that at or about 4:50 on the afternoon in question Garrett, while driving a motor vehicle easterly along Peace street in the city of Providence, struck plaintiff's car in the rear causing some property damage to both cars. No claim is made by plaintiff for property damage, but he testified that he was seated behind the wheel of his car in a parked position when the collision occurred and he sustained injuries to his back, neck and shoulder.

Over defendant's objections plaintiff was permitted to testify as to statements made by Garrett regarding the ownership of the car, Garrett's status as defendant's servant and his responsibility for the collision. The plaintiff further testified without objection that he went to defendant's premises on Garrett's assurances that defendant would accept responsibility and while there talked to several people including a police officer. He identified the car as a 1954 Pontiac bearing Rhode Island dealer registration plates 49P.

Doctor Matthew W. Rossi also testified for plaintiff relating in detail his diagnosis and treatment of plaintiff's injuries and testifying to the reasonableness of his bill which amounted to $230.

On cross-examination the doctor was asked about the mimeographed form used in his report to plaintiff's attorney. The question suggested that the doctor made a number of such forms for reports to attorneys. The doctor's reply was "Or insurance reports."

It appears that plaintiff's trial counsel was associated with Dr. Rossi's attorney and when counsel for defendant asked

a series of questions designed to elaborate on this relationship plaintiff objected and was sustained by the trial justice.

It further appears that according to the testimony of defendant's manager on the day of the accident, Garrett appeared on the lot at about two o'clock in the afternoon giving the appearance of having been drinking. The manager testified that the assistant manager had informed him of this circumstance and, further, that the assistant manager had dismissed Garrett for the day. He admitted, however, that Garrett had not been discharged.

Continuing, the manager testified that later in the day he was informed that Garrett had been seen driving one of defendant's cars off the lot. Acting on this information complaint was made to the Providence police and an investigation ensued. Officer Thomas Leech was dispatched to defendant's premises where he was joined by Sergeant Walter J. Nevins. It appears from their testimony and that of Officer William J. Moran, as well as the police reports introduced by defendant, that dealer plates assigned to it were in the custody of Helen Reiner, defendant's employee; that Garrett had obtained the plates 49P from her; that this was normal procedure; and that shortly after the police arrived Garrett came in and reported that he had collided with another car while taking the Pontiac to get gasoline.

Garrett, the assistant manager Robert Moran, and Miss Reiner were not called as witnesses. Apart from the testimony of defendant's manager, all of the evidence relating to Garrett's use of the car comes from the testimony of plaintiff, the police officers and the information contained in their reports. The police testimony and reports disclose that no charges were preferred against Garrett by defendant, but the police did detain him when he returned to defendant's premises to report the accident and subsequently charged him with drunkenness.

The plaintiff charges defendant with liability by reason of

G. L. 1956, §§31-33-6 and 31-33-7, as amended, which provide as follows:

§31-33-6. "Whenever any motor vehicle shall be used, operated, or caused to be operated upon any public highway of this state with the consent of the owner, or lessee, or bailee, thereof, expressed or implied, the driver thereof, if other than such owner, or lessee, or bailee, shall in case of accident be deemed to be the agent of the owner, or lessee, or bailee, of such motor vehicle unless such driver shall have furnished proof of financial responsibility in the amount set forth in chapter [32 of this title], prior to such accident; and for the purposes of this section the term 'owner' shall include any person, firm, copartnership, association or corporation having the lawful possession or control of a motor vehicle under a written sale agreement."

§31-33-7. "Evidence that at the time of such accident or collision the motor vehicle was registered in the name of the defendant shall be prima facie evidence that it was being operated with the consent of said defendant, and absence of such consent shall be an affirmative defense to be set up in the answer and proved by the defendant."

The defendant makes no contention that the collision in question did not occur nor does it question the negligence of its employee Leroy Garrett. Rather it defended on the premise that the statutory liability could not be invoked by plaintiff in the circumstances of the instant case and that within the common-law liability of the master for acts of the servant, Garrett was not operating the car in the course of his duty but, to the contrary, was on an independent frolic.

It filed a special plea on the issue of consent as provided by §31-33-7. Assuming that there was evidence from which the jury could find that §31-33-6 was applicable defendant had the burden of proving its plea.

The defendant briefed and argued a total of twenty-seven exceptions, all but six of which are related to its conten-

tions in support of the premised defense. These are exceptions 21, 22, 24, 25 and 26 which relate to the exclusion of certain testimony sought to be elicited in cross-examination and exception 27 which was taken to the denial of its motion that the case be passed. We shall consider these at the appropriate juncture.

For continuity and a logical sequence of argument defendant has arranged its exceptions, without regard to numerical sequence, into six specific issues and we shall so consider them. The first such issue predicated on exception 45 goes to the correctness of the trial justice's decision in denying defendant's motion for a directed verdict.

The defendant contends that its liability could be a question for the jury only if there were competent evidence tending to prove Garrett's negligence on a public highway in the operation of defendant's car with its consent. Unless these four elements are proven, it argues, defendant was entitled to a directed verdict, citing *Hulton* v. *Phaneuf*, 85 R. I. 406, for the proposition that plaintiff must prove every essential element.

We are in accord with the principle therein enunciated but that is of no assistance to defendant here. Although it contends that there was no evidence that Peace street is a public highway in the city of Providence and that the evidence demonstrates beyond any doubt that Garrett was operating without defendant's consent, such is not the fact. There is in the record available for the jury's consideration a report of the police investigation of the accident which states that the maximum speed limit on Peace street is 25 m.p.h. There are other references to the condition of the street and from these comments made in an official police report, a reasonable inference could be drawn that Peace street is a public highway.

On the question of consent defendant relies on what it calls the uncontradicted testimony of its manager that Garrett had taken the car without permission, and to its

exceptions numbered 1 through 9, 13 and 14 and 33, 34, 35. These last three exceptions, however, were taken in the course of plaintiff's cross-examination of defendant's witnesses and require no discussion other than to note that they are without merit for the reason that the subject matter is in the record without objection.

Against the testimony of the manager that Garrett had been earlier dismissed for the day and drove the car off without permission, as evidenced by the complaint to the police prior to the accident, there is the testimony of the police officers and their report showing that Miss Reiner, defendant's responsible custodian, delivered the plates to Garrett on his statement that he had to take out a car to have it filled with gasoline. Significantly there is Sergeant Nevins' testimony that in his presence Garrett returned to defendant's office and reported that he had been involved in an accident while on this errand. It does not appear that anything was said to Garrett in the sergeant's presence about taking the car without permission or tending to contradict Garrett's statement which was identical to that made to Miss Reiner.

From these circumstances the jury would be warranted in drawing the inference that Garrett had not been dismissed for the day, and that he was still carrying out assigned duties when he obtained the plates, attached them to the car and drove off the lot for gasoline. It could have inferred that the call to the police was an afterthought in which event Garrett would have been operating in the discharge of duties assigned to him by his employer.

The previously-enumerated eleven exceptions were taken by defendant to the ruling of the trial justice permitting plaintiff to testify to Garrett's statements at the time of the accident which, if competent, constituted flat assertions of defendant's liability. It argues, citing *Beaudette* v. *Cavedon*, 50 R. I. 140, and other cases, that these statements

were not admissible on the issue of agency and the consent implicit therein.

However, if it be assumed that the trial justice erred in overruling defendant's objections to the admission of such statements, it does not follow in the circumstances here present that the error was prejudicial. This is so for the reason that the testimony sought to be excluded was not the only evidence, as defendant contends, tending to establish the relationship of master and servant. As heretofore observed the contents of the police reports, coupled with the testimony of Sergeant Nevins, were probative of the issue.

Moreover, contrary to defendant's contention, plaintiff was not restricted to the proposition that he had the burden of establishing consent as required by the doctrine of respondeat superior. He charged defendant with liability pursuant to the statutory provisions quoted supra and defendant had the burden thereunder of affirmatively proving that consent was lacking.

The defendant's contention that such is not the case is without merit. It bases its contention on the proposition that plaintiff had the burden under §31-33-6 of proving that Peace street was a public highway and that the car operated by Garrett was registered to it within the meaning of the statute. Specifically, it argued that there was no evidence that Peace street was a public highway and the uncontradicted evidence discloses that the registration plates were attached to the car by Garrett without authority.

As to defendant's argument regarding the absence of evidence that Peace street was a public highway, we have hereinbefore pointed out the evidence overlooked by defendant and this argument requires no further discussion. With regard to the contention that the car was not registered to it, defendant relies on *Avedesian v. Butler Auto Sales, Inc.*, 93 R. I. 4, wherein we held that an automobile

dealer registered a car owned by him when he attached one of the special plates issued to dealers.

We reaffirm our holding in that case but defendant takes nothing thereby. There an employee of the defendant dealer attached such a set of plates to a car taken in trade and the defendant argued that he did so without authority. We held that there was evidence from which a jury could find that the employee had such authority and his act became that of the defendant. The facts in the instant case differ in that here the employee was a "lot boy" and not a salesman as in the *Avedesian* case. The principle involved, however, is the same and as heretofore related there was probative evidence in the instant case for the jury to consider. Thus plaintiff, having established a prima facie case within the requirements of §31-33-6, was entitled to have it submitted to the jury and the burden was on defendant to prove affirmatively a lack of consent.

It follows that the trial justice did not err in denying defendant's motion for a directed verdict.

The defendant states the second issue to be: "Did the Trial Justice err in his charge to the jury?" This issue is predicated on the refusal of the trial justice to give certain instructions as requested, being exceptions 36, 37, 38 and 41, and to his charge as given with regard to implied consent, exception numbered 44.

It is well settled that it is not error for the trial justice to deny requests for instructions as the same are framed by the requesting party, if the charge as given states the correct rule of law and is in substantial compliance with the instructions requested. *Chabot* v. *Andre,* 52 R. I. 399. A comparison of the instructions requested in the instant case with the charge as given discloses that the trial justice complied with the rule enunciated in the cited cases. They all related to the plaintiff's burden on the issue of agency, and the trial justice's instructions in this regard were cor-

rect and in our judgment substantially encompassed the instructions requested.

Nor is there merit in defendant's contention that the instructions were erroneous in that they placed on it the burden of affirmatively proving a lack of consent. This argument is predicated on defendant's contention throughout that the statutory liability was not applicable. We have heretofore related the evidence which might properly have been considered by the jury in determining this question and the instructions, both given and denied, disclose that the trial justice was aware of it. They were not misleading in the light of the evidence the jury had before it.

The defendant's third issue involves its exceptions to the admission of plaintiff's testimony regarding statements made by the driver Garrett. They have heretofore been considered and found to be lacking in merit.

The fourth issue as posed by defendant relates to the exclusion of certain testimony sought to be elicited from Dr. Rossi in cross-examination and is predicated on exceptions numbered 21, 22, 24, 25 and 26. As heretofore observed it appeared that there was an attorney-and-client relationship between counsel and the doctor. After counsel for defendant had established this fact in cross-examination he asked a series of questions designed either to show bias on the part of the doctor or to question his failure to bring certain records to court, a practice apparently habitual with him. Objection was made to each of these questions and sustained.

The defendant contends that this was prejudicial error, relying on *Woodward* v. *Wilbur*, 54 R. I. 60. In that case this court observed that potential bias of a doctor came within the proper scope of cross-examination, but the court held that the limits of legitimate cross-examination are not positive and much must be left to the judgment and discretion of the trial justice. The court found that the trial justice did not err in excluding the testimony sought to be

elicited. Here the alleged bias was apparent from the question and defendant was not prejudiced when the trial justice, exercising his discretion, sustained plaintiff's objections. Further, the jury was made aware that the doctor had not brought his records and his failure to do so went to the weight of his testimony which would not have been materially altered in defendant's favor if the doctor had been permitted to give the obvious answer.

The fifth issue posited by defendant is predicated on its exception numbered 27 which was taken to the denial of its motion that the case be passed. During cross-examination of Dr. Rossi he was asked if the report which he had received from plaintiff's attorney was mimeographed and pre-typed. The doctor responded, "Yes." Defense counsel then inquired, "For accident cases?" to which Dr. Rossi responded, "Or insurance reports."

The defendant thereupon asked that the jury be taken out and in its absence moved that the case be passed on the ground that the doctor's reference to insurance reports was prejudicial. This motion was denied, the trial justice stating in pertinent part: "* * * and I fail to see where it would be prejudicial to the defendant to have the word 'insurance' mentioned the way that it was in this particular case and under the circumstances in which it was mentioned."

The defendant argues that the trial justice erred and in support thereof refers to *St. Jean* v. *Lippitt Woolen Co.,* R. I., 69 Atl. 604, *Walsh* v. *Carroll,* R. I., 169 Atl. 743, *Lavigne* v. *Ballantyne,* 66 R. I. 123, and *Harrod* v. *Ciamciarulo,* 95, R. I. 504. 188 A.2d 459. A reading of the first two cited cases readily reveals that they are so distinguishable in their facts from the instant case as to be not in point.

Nor are the decisions in the last two cited cases of assistance to defendant here. In both such cases the apparently inadvertent reference to an insurance company clearly indi-

cated that the defendant was covered by insurance and the jury reasonably could not be considered to have missed the implication. Such is not the situation in the case at bar. The doctor was plaintiff's witness and his implied statement was not open to a reasonable inference that the instant defendant's liability was covered by insurance. Indeed, from a reading of all the cases it is clear that the applicability of the rule relied on by defendant depends on the circumstances of the case in which it is invoked. We are persuaded that the decision of the trial justice on defendant's motion was not prejudicial within the meaning of the rule.

Finally defendant contends that the trial justice erred in denying its motion for an unconditional new trial, exception numbered 46. It argues that the evidence preponderates against the verdict on the issue of liability and that the trial justice misconceived the evidence in this regard. This latter contention is based on a comment made by the trial justice in reaching his decision, namely, that the jury weighed plaintiff's testimony against that of defendant's manager and believed the former.

While it is true that such is the opening remark of the trial justice in reaching his decision, it is taken out of context and we are not persuaded that read in its entirety the decision supports defendant's conception of the trial justice's view of the evidence. He commented, "They had sufficient evidence to find for the plaintiff on the questions which arose and which were questions to be decided by a jury." It is the established rule in this jurisdiction that if the decision of the trial justice is justified by the evidence, it is immaterial that his reasoning was faulty. *Andrews* v. *Penna Charcoal Co.*, 55 R. I. 215.

In passing on each of the issues raised by defendant we have commented on the evidence, disregarded that which was incompetent, and resolved each of defendant's contentions against it.

If out of regard for the rights of the defendant occasioned by the comment of the trial justice his decision is disregarded, it is the duty of this court to review the evidence independently. *Bradley* v. *Brayton,* 61 R. I. 44. In such circumstances, however, this court should not disturb the verdict unless the evidence strongly preponderates against it. *Spiegel* v. *Grande,* 45 R. I. 437. Our independent examination of the evidence in the instant case leads us to conclude that the trial justice did not err in sustaining the verdict or in granting the motion for a new trial unless a remittitur was filed by the plaintiff remitting all of the verdict in excess of $1,000.

All of defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict as reduced by the remittitur.

*William F. Reilly,* for plaintiff.

*Gunning & LaFazia, Bruce M. Selya, Edward L. Gnys, Jr.,* for defendant.