396 A.2d 930.

THOMAS DIXON AND CHRISTINE DIXON, *p.p.a.*
*vs.* ROYAL CAB, INC.

JANUARY 4, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

112

BEVILACQUA, C.J.   This is a personal injury suit brought by the plaintiffs Christine Dixon and her father Thomas Dixon against the defendant Royal Cab, Inc. The plaintiffs brought an action to recover damages for injuries allegedly sustained when Christine, a 2-year-old child, was struck by a taxicab owned by the defendant and operated by Ronald A. Noelte (Noelte). Hereinafter we shall refer to Christine Dixon as the plaintiff. After a trial in the Superior Court, judgment was entered for the plaintiff in the amount of $63,000 and for

Thomas Dixon (Dixon) in the amount of $2,856. Thereafter the trial justice denied the defendant's motion for a new trial. The case is now before us on the defendant's appeal.

The record discloses the following facts. On May 30, 1973, Noelte was operating a taxicab on Evergreen Street in the city of Pawtucket. At this time, plaintiff and Dixon were standing in their driveway adjacent to Evergreen Street. Noelte testified that as he proceeded in an easterly direction he saw plaintiff standing in a driveway to his left and several children playing on the curb to his right. As he continued along the street, Noelte stated that he was "riding [his] brake" and looking back and forth at the children to determine if any of them was about to run into the street. While he was observing the children to his right, he heard a "thump" on the left side of his taxicab. He looked over his shoulder and saw plaintiff lying in the middle of the road. Noelte further testified that he then stopped his cab and radioed for assistance.

Dixon took plaintiff to Pawtucket Memorial Hospital where her laceration was sutured in the accident room. On the following afternoon she underwent a decompressive craniectomy for a right compound depressed skull fracture. According to a medical affidavit submitted by Dr. Bernstein pursuant to the provisions of G.L. 1956 (1969 Reenactment) §9-19-27, plaintiff tolerated the medical procedure well and was discharged on June 7, 1973. Shortly after discharge plaintiff fell and struck her head causing drainage of her laceration. She subsequently returned to the hospital and was finally discharged on June 18, 1973.

Doctor Alexander Jaworski, a pediatrician, testified that plaintiff had an open bony defect of the skull measuring 1¼ inches by ¼ inch that would require further surgery either to graft a bone or to insert a metal plate. Doctor Jaworski further testified that plaintiff had received a brain contusion and concussion and was suffering from a post-concussion syndrome that caused hyperkinetic behavior. This condition, also referred to as hyperactivity, caused plaintiff to become a

behavioral problem at home and potentially at school. The doctor further characterized this condition as promoting emotional problems and learning disabilities. Doctor Jaworski's testimony was substantiated by a medical affidavit from Dr. Eric Denhoff, a pediatric neurologist, who had also found plaintiff to be suffering from a post-concussion syndrome.

At the close of the trial, the trial justice instructed the jury, providing them with five interrogatories to facilitate their determination of the merits of the case. According to their answers to the interrogatories, the jury found Noelte's operation of the taxicab to be the proximate cause of the accident. The jury also found plaintiff to be free of negligence, Noelte to be 70 percent negligent, and Dixon to be 30 percent negligent. The jury awarded compensatory damages at $3,400 and damages for pain, suffering and permanent injuries at $53,000.

The trial justice reduced the compensatory damages to $2,380 plus interest based on the jury's finding that Dixon, also, was negligent. He refused, however, to reduce the award for pain, suffering and permanent injuries.

The defendant on appeal raises several issues alleging error on the part of the trial justice. The defendant further argues that although some of the errors committed singularly would not amount to reversible error, the cumulative effect of those errors was such that there might have been a different verdict without them. We shall now treat each of the issues raised by defendant to determine if errors were committed and, if so, their effect upon the appeal.

I

The defendant contends that the trial justice erred in admitting testimony by police officer Donovan of the Pawtucket Police Department about the taxicab's defective emergency brake cable and rotted floorboard. The defendant argues that this testimony was neither relevant nor material

to the issue of Noelte's alleged negligence and that its admission by the trial justice was an abuse of discretion prejudicial to defendant.

We have stated on numerous occasions that a trial justice must exercise discretion on the admission of evidence objected to as being irrelevant. The admission of such evidence should not be held to be reversible error unless the trial justice abuses his discretion to the prejudice of the objecting party. *Englehardt* v. *Bergeron*, 113 R.I. 50, 57-58, 317 A.2d 877, 882 (1974); *McSoley* v. *McSoley*, 91 R.I. 61, 81, 161 A.2d 216, 226 (1960); *Swartz* v. *Edwards Motor Car Co.*, 49 R.I. 18, 22, 139 A. 466, 468 (1927).

In the instant case our examination of the record indicates that the evidence was a relevant consideration regarding the manner in which Noelte controlled the taxicab after the accident and the final location and position of the taxicab. Therefore, we find that the trial justice did not abuse his discretion in allowing the testimony before the jury.

The defendant next argues that the trial justice erred in permitting cross-examination of Noelte concerning alleged prior inconsistent statements where no proper foundation for such questioning had been laid and where the statements were, according to defendant, not contradictory. The statements concerned alleged discrepancies in Noelte's accounts of when he initially saw plaintiff after the accident.

We have stated on several occasions that prior inconsistent statements of a witness are admissible for the purpose of impeaching that witness' credibility. *State* v. *Vaccaro*, 111 R.I. 59, 64, 298 A.2d 788, 791 (1973); *State* v. *Brown*, 96 R.I. 236, 240 190 A.2d 725, 727 (1963); *see Morgan* v. *Washington Trust Co.*, 105 R.I. 13, 23, 249 A.2d 48, 54 (1969). As a preliminary matter, however, the court must be persuaded that the statements are indeed inconsistent. *United States* v. *Hale*, 422 U.S. 171, 176, 95 S. Ct. 2133, 2136, 45 L. Ed. 2d 99, 104 (1975).

A review of the record indicates that the trial justice had

an adequate basis for determining that Noelte made inconsistent statements. In his deposition Noelte testified that after he heard the "thump" allegedly attributable to the taxicab striking plaintiff, he immediately turned his head and saw plaintiff. At the trial, however, he conceded he may have told the police he observed plaintiff lying in the street after he stopped his vehicle and stepped onto the street. We conclude that an adequate basis existed for the trial justice to conclude that Noelte had made inconsistent statements.

We have previously held that a proper foundation must precede any attempt to impeach a witness. This is accomplished by referring the witness to the circumstances under which the contradictory statements were made. 111 R.I. at 64-65, 298 A.2d at 791.

Upon reviewing the record, we conclude that a proper foundation was laid for the questioning. During cross-examination, plaintiff's counsel specifically referred Noelte to the statement he had given to the police at the scene of the accident. Noelte's attention was thus adequately directed to the time, place and person to whom the supposed contradiction was made. *Id.* at 64, 298 A.2d at 791. The trial justice did not err in allowing the disputed questioning.

The defendant next contends that the trial justice erred in permitting questioning of Noelte concerning his failure to inquire of the investigating police officers the reasons for their measurements at the accident scene. Such questioning, defendant submits, might have been proper had Noelte been aware of its purpose. Noelte's uncontradicted testimony, however, indicated that he had no idea what the police were doing. Therefore, defendant concludes that the questioning was improper and unfair.

We have stated on numerous occasions that control over the scope and extend of cross-examination is a matter within the reasonable discretion of the trial justice and will be reviewed only for an abuse thereof. *Pansey* v. *Pansey,* 115 R.I. 97, 102, 340 A.2d 120, 124 (1975); *Calci* v. *Brown,* 95

R.I. 216, 220, 186 A.2d 234, 236-37 (1962); *Feuti* v. *Feuti*, 92 R.I. 219, 221, 167 A.2d 757, 578 (1961); *Mikaelian* v. *Mikaelian*, 86 R.I. 119, 125, 134 A.2d 164, 167 (1957). In allowing the questioning of Noelte concerning his failure to inquire of the police officers their reasons for taking measurements, the trial justice, in our opinion, did not abuse his discretion. Furthermore, the line of questioning terminated when Noelte testified that mass confusion reigned in the area and that he had no idea of what the police were doing. In our opinion the trial justice did not commit error in allowing the cross-examination to this extent.

The defendant also asserts that prejudicial error occurred when plaintiffs' attorney was allowed to read to the jury from a police report not admitted into evidence during final argument. That portion of the report indicated the speed of the taxicab to be 20 miles per hour prior to the accident.

In considering this contention we note that Noelte testified at trial that prior to the accident his rate of speed was "anywhere around 20, 25 m.p.h." Furthermore, the trial justice instructed the jurors that they were bound by the evidence of the case and that the arguments, statements and remarks of counsel were not evidence. As a result we conclude no prejudicial error occurred by allowing plaintiffs' attorney to read from the report.

## II

The defendant next argues that the trial justice erred in allowing the introduction of medical testimony by affidavit, concerning the nature, extent and duration of injuries suffered by plaintiff, pursuant to the provisions of G.L. 1956 (1969 Reenactment) §9-19-27. Referring to certain dicta in the case of *Andrews* v. *Masse*, 115 R.I. 104, 341 A.2d 30 (1975), defendant states that the statute unconstitutionally denies its right to confront and cross-examine witnesses.

We need not examine the validity of defendant's constitutional argument based on Andrews, since we have stated previously that "[i]t is the duty of the party raising the

question to make his objections in clear and direct language, stating separately each specific article, section and clause in the federal or State constitution that is alleged to have been violated." *Creditors' Service Corp.* v. *Cummings,* 57 R.I. 291, 304-05, 190 A. 2, 10 (1937). We have further held that we will not deal with constitutional questions unless they have been properly submitted on the record before the trial justice allowing him the initial opportunity to pass on them. *Town of Foster* v. *Lamphere,* 117 R.I. 541, 545, 368 A.2d 1238, 1240 (1977).

The record before us indicates that defendant did not properly raise the issue of the statute's unconstitutionality at the trial level. Initially, defendant failed to cite the specific provisions of the federal or state constitutions allegedly violated by the statute. Secondly, defendant failed to articulate its points of argument or indicate the authoritative sources upon which it relied at the trial level or before this court, *State* v. *Berker,* 112 R.I. 624, 629-30. 314 A.2d 11, 15 (1974). We therefore find that defendant improperly presented its constitutional objection at the trial level, so we will not consider it here.

### III

The defendant also alleges prejudicial error in the trial justice's refusal to instruct the jury regarding prospective damages. The defendant argues that a specific instruction was necessary to indicate that recovery of present damages for the apprehended consequences from the accident must be based upon such a degree of probability as amounts to a reasonable certainty that they will occur as a result of the original injury. *Labree* v. *Major,* 111 R.I. 657, 677, 306 A.2d 808, 820 (1973); *Tilley* v. *Mather,* 84 R.I. 499, 502, 124 A.2d 872, 874 (1956); *MacGregor* v. *Rhode Island Co.,* 27 R.I. 85, 87-88, 60 A. 761, 762 (1905).

It is a well-established principle that where a request to charge a jury was fairly covered by the general charge, refusal to grant the request is not reversible error. *Hamrick* v. *Yellow Cab Co.,* 111 R.I. 515, 521, 304 A.2d 666, 670 (1973);

*Handy* v. *Geary*, 105 R.I. 419, 433, 252 A.2d 435, 442 (1969); *Budwee* v. *New England Motors, Inc.*, 99 R.I. 663, 671, 210 A.2d 131, 136 (1965). The trial justice instructed the jurors that the law required them to evaluate damages relating to pain, suffering and permanent injuries. He further instructed them that in assessing those elements of damages, they must take into consideration the nature and types of injuries involved and the probable duration thereof as well as the nature of the pain and the probable duration of that pain.

We are of the opinion that the substance of defendant's requested charge on prospective damages was fairly covered by the general charge, and we, therefore, find no error.

IV

We now come to consideration of the trial justice's denial of defendant's motion for a new trial. In ruling on such a motion, the trial justice must independently pass on the material evidence in view of the law of the case and the weight and credibility he assigns to each of the witnesses. *Barbato* v. *Epstein*, 97 R.I. 191, 193, 196 A.2d 836, 837 (1964); *Cottrell* v. *Lally*, 94 R.I. 485, 489, 182 A.2d 302, 304 (1962); *McLain* v. *Tripp*, 73 R.I. 105, 110, 53 A.2d 919, 922 (1947). When assessing credibility, the trial justice is free to accept some or all of the evidence as having a probative effect. 97 R.I. at 193, 196 A.2d at 837. In reaching his decision the trial justice need not refer to all of the evidence upon which he bases his analysis. He should, however, refer to any evidence that compels his specific ruling. *Morinville* v. *Morinville*, 116 R.I. 507, 511-12, 359 A.2d 48, 51 (1976).

In the instant case, the trial justice found sufficient evidence to warrant the jury's finding of negligence on the part of Noelte. He specifically referred to Noelte's failure to alert the children by blowing his horn from a reasonably safe distance away. Furthermore, the trial justice stated that he believed Noelte could have kept all the children in sight with his peripheral vision instead of turning his head from side to side.

Concerning damages, the trial justice found that plaintiff's injury would require a future operation for either a bone graft or insertion of a metal plate. He also acknowledge that plaintiff had suffered a brain contusion and concussion followed by a post-concussion syndrome. Finally, he noted that plaintiff had become a home behavioral problem, had suffered minimal brain dysfunction, and had a learning disability problem.

These specific findings demonstrate to us that the trial justice fulfilled the requirements of an independent appraisal of the testimony, selected certain testimony he found to be credible, and concluded that the new motion should be denied.

## V

Our final consideration is the trial justice's failure to reduce the $53,000 award pursuant to the jury's finding that Dixon was 30 percent negligent. We note that Dixon was not sued as a third-party defendant in this action, so that for the defendant to have the award successfully reduced it will have to establish that Dixon's negligence should have been imputed to plaintiff.

In *Gallo* v. *Simpson Spring Co.*, 55 R.I. 410, 181 A.915 (1935), we reviewed a trespass on the case for negligence where a 2½-year-old child was injured when struck by the defendant's truck. There we said that if under all the circumstances the plaintiff child was not negligent by being in the street, then she was entitled to recover for the defendant's negligent infliction of injury, notwithstanding any negligence of her mother. *Id.* at 417, 181 A. at 918. In the instant case the jury found the plaintiff free of negligence. We are therefore of the opinion that the plaintiff was entitled to recover fully for her injury notwithstanding the negligence of Dixon.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

*John F. McBurney,* for plaintiffs.

*Gunning, LaFazia & Gnys, Inc., Bennett R. Gallo,* for defendant.